OADES *v.* STANDARD SAVINGS & LOAN ASSN.

1. MORTGAGES—FORECLOSURE BY ADVERTISEMENT—STATUTES.
   Statute governing foreclosure by advertisement is read into every mortgage and becomes part of contract (3 Comp. Laws 1929, § 14425 *et seq.*).

2. SAME—IRREGULARITIES—NOTICE OF FORECLOSURE.
   While slight and inconsequential irregularities in notice of foreclosure by advertisement will not vitiate sale, courts may not disregard positive provisions of statute.

3. SAME—NOTICE TO MORTGAGORS MANDATORY.
   Requirement of statute (3 Comp. Laws 1929, § 14428) that notice of foreclosure by advertisement shall specify names of mortgagor and mortgagee, and assignee of mortgage, if any, is mandatory.

4. DOWER—CONTINGENT ESTATE—ENTITLED TO PROTECTION.
   Inchoate right of dower is contingent estate, which will become vested on death of husband, and is entitled to protection as well before as after it has become vested, and no act of husband alone can prejudice it.

---

On dower right of wife as protected, see annotation in 8 L. R. A. 443; 18 L. R. A. 75; 27 L. R. A. 342.

5. SAME—EFFECT OF WIFE'S EXECUTION OF HUSBAND'S MORTGAGE.
    Execution by wife of husband's mortgage of his land does not
    bar her right of dower in Michigan, since mortgage does not
    convey legal title, but it merely subjects said right to mort-
    gage lien, and she becomes mortgagor.

6. SAME—CONVEYANCE OF DOWER RIGHT.
    Wife may not convey dower right except to owner of premises.

7. MORTGAGES—FORECLOSURE BY ADVERTISEMENT—HOW GOVERNED.
    Foreclosure by advertisement is by virtue of power of sale in
    mortgage, and said power may not be enlarged beyond its
    terms and incorporated relevant statutes (3 Comp. Laws 1929,
    § 14425 *et seq.*).

8. SAME—INTERESTS OF DIFFERENT MORTGAGORS MAY NOT BE FORE-
    CLOSED SEPARATELY.
    Statute governing foreclosure by advertisement provides that
    upon sale and failure of redemption whole title of mortgagor
    shall pass to purchaser, and while it provides for splitting of
    mortgage in respect of instalments of payments and sale and
    redemption of parcels of land, it does not provide for suc-
    cessive foreclosures of interests of different mortgagors (3
    Comp. Laws 1929, § 14425 *et seq.*).

9. SAME—FORECLOSURE VOID WHERE WIFE NOT NAMED IN NOTICE OF
    SALE.
    Foreclosure by advertisement of mortgage on husband's land
    executed by him and his wife was void where wife was not
    named as mortgagor in notice of sale (3 Comp. Laws 1929,
    § 14428).

10. SAME—MORTGAGORS ENTITLED TO POSSESSION WHERE FORECLO-
    SURE VOID.
    Where foreclosure by advertisement of mortgage executed by
    husband and wife was void for failure to name wife as
    mortgagor in notice of sale, mortgagors are entitled to pos-
    session of premises until valid foreclosure.

Appeal from Oakland; Doty (Frank L.), J. Sub-
mitted January 19, 1932. (Docket No. 170, Calendar
No. 36,256.) Decided March 2, 1932.

Bill by Byron J. Oades and another against
Standard Savings & Loan Association, a Michigan

corporation, and another to set aside a mortgage foreclosure sale. Decree for defendants. Plaintiffs appeal. Reversed.

*Davidow & Davidow*, for plaintiffs.

*Miller, Baldwin & Boos* (*Pelton & McGee*, of counsel), for defendants.

FEAD, J. Plaintiffs executed to defendant loan association a real estate mortgage for $20,000, of which they received $15,000. The balance was not paid them because its advance was conditional on their selling the premises to a *bona fide* purchaser for $40,000 and they did not make a sale. Defendant Stopher is the broker who negotiated the loan for plaintiffs. No relief is prayed against him.

Plaintiffs having defaulted in all payments except the first, foreclosure was had by advertisement. Sale was made April 10, 1930, and the premises bid in by defendant association. April 8, 1931, plaintiffs commenced this suit to compel defendant to pay them the $5,000 balance on the mortgage, to set aside the foreclosure as void, and to restrain the purchaser from taking possession of the premises. They offered to pay the instalments due, out of the $5,000 if defendant would give it to them, but made no other offer to pay or redeem. Defendants had decree dismissing the bill.

The testimony is convincing that defendant association was not to advance the final $5,000 on the mortgage until plaintiffs had sold the premises.

The property was owned by Oades. It was not a homestead nor occupied by him. His wife had no estate in it except her inchoate dower interest. The notice of foreclosure sale named Oades as mort-

gagor. It did not name Mrs. Oades as mortgagor. Otherwise it was in statutory form. The question is whether the foreclosure was void for failure to name Mrs. Oades as mortgagor in the notice of sale.

There is an abundance of authority that the right of redemption or dower of a wife is not barred by a foreclosure decree in chancery in a suit to which she is not a party. 19 C. J. p. 519; 19 R. C. L. p. 644; 4 L. R. A. (N. S.) 1039, note. And other phases of the effect of foreclosure on dower have been much litigated. But, surprisingly, diligent and extended search has failed to disclose a case upon the particular issue before us.

The statute governing foreclosure by advertisement is read into every mortgage and becomes a part of the contract. *Naylor* v. *Minock*, 96 Mich. 182 (35 Am. St. Rep. 595). The statute requires that the notice shall specify, 3 Comp. Laws 1929, § 14428:

"1. The names of the mortgagor and of the mortgagee, and the assignee of the mortgage if any."

While slight and inconsequential irregularities in the notice will not vitiate the sale (*Lau* v. *Scribner*, 197 Mich. 414), courts cannot disregard any of the positive provisions of the statute. It is not for us to speculate upon whether the legislature intended the provision requiring the mortgagor to be named in the notice as affording a means of identifying the mortgage to prospective purchasers or as giving mortgagors constructive notice of foreclosure or otherwise. The provision is mandatory. Although a notice was held valid which named the mortgagor "Dickson" as "Dixon," on the ground of *idem sonans* (*Reading* v. *Waterman*, 46 Mich. 107), a notice which described the mortgagor "Ermina Liver-

more'' as ''Emma'' was held void (*Lee* v. *Clary,* 38 Mich. 223); as was one which named the mortgagor ''Tofila'' as ''Julia'' (*Zlotoecizski* v. *Smith,* 117 Mich. 202). In other States also the provision has been held imperative. *Abbot* v. *Banfield,* 43 N. H. 152; *Roche* v. *Farnsworth,* 106 Mass. 509; *Weir* v. *Birdsall,* 27 App. Div. 404 (50 N. Y. Supp. 275); 41 C. J. p. 951.

While the inchoate right of dower has, in many connections, been called by many names it is—

''a contingent estate, which will become vested on the death of the husband, and is entitled to protection as well before as after it has become vested, and no act of the husband alone can prejudice this right.'' *Bonfoey* v. *Bonfoey,* 100 Mich. 82.

See, also, 1 Wiltsie on Mortgage Foreclosure (4th Ed.), § 351; 19 C. J. p. 493.

Execution by a wife of her husband's mortgage of his land does not bar her right of dower in States, as ours, in which the mortgage does not convey legal title. It merely subjects the right to the mortgage lien. 12 A. L. R. 1348, note. Otherwise there would be no force in the decisions that, to bar her in equity, she must be made a party to the suit. Moreover, she cannot convey her dower except to the owner of the premises, and a mortgage neither conveys it to the mortgagee nor to her husband. The effect of her execution of the mortgage is well stated in *McArthur* v. *Franklin,* 15 Ohio St. 485, 508:

''There was nothing showing that the release of the wife was designed to be absolute, while the conveyance of the husband was conditional. The same language is used throughout the instrument with regard to both. And upon no principle of construction can we give to it a different operation against

the plaintiff from what it should have against her husband.''

In New York, from which our early real property laws were taken, it has been held that a provision that a copy of the notice of sale be served upon the mortgagor requires notice to be served upon the wife who had executed her husband's mortgage, because she was a mortgagor. *King* v. *Duntz* (1851), 11 Barb. (N. Y.) 191; *Northrup* v. *Wheeler*, 43 How. Pr. (N. Y.) 122.

These authorities sustain the proposition—which seems beyond the necessity of argument—that, in executing a mortgage of land belonging to the husband, the wife gives a lien on her contingent estate of dower and is a mortgagor.

May the foreclosure be sustained as to the husband's interest and the purchaser have possession and title subject to the wife's inchoate right of dower and right to redeem? This could be done in equity. However, in equity the court determines the rights of the parties before it and their interests may be defined and protected by decree.

Foreclosure by advertisement is by virtue of the power of sale in the mortgage. The power cannot be enlarged beyond its terms and the incorporated relevant statutes. The statute provides for splitting of a mortgage in respect of instalments of payments and sale and redemption of parcels of land. But it does not make provision for the separate sale, redemption, or passage of title of the interests of different mortgagors in the same property, nor set up such safeguards as would give notice to the public that only partial foreclosure was had, from which sanction of such practice could be inferred. Nor are successive foreclosures of the interests of different mortgagors provided for. It

provides that upon sale and failure of redemption
the whole title of the mortgagor shall pass to the
purchaser. It contemplates only one valid fore-
closure of a mortgage, except as permitted for de-
linquent instalments. Such splitting of foreclosure
as defendant contends for is not within the power
of the sale or statute.

We must therefore hold the foreclosure proceed-
ings void for failure to name the wife as a mort-
gagor in the notice. This entitles plaintiffs to pos-
session of the, premises. Defendants' remedy is
through a new and valid foreclosure.

The decree will be reversed, and one entered in
accordance with this opinion, but without costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE,
NORTH, WIEST, and BUTZEL, JJ., concurred.