POLISH AMERICAN PUBLISHING COMPANY
OF DETROIT *v.* WOJCIK.

1. Corporations—Capital—Creditors—Stockholders.

The capital of a corporation is a trust fund for benefit of its creditors and, after discharge of their obligations, for its stockholders without preference or priority one over another.

2. Same—Recovery of Corporate Funds—Parties—Fraud.

A corporation may maintain a suit in its own name to recover its money or property belonging to it of which it has been fraudulently deprived and when recovered such money or property belongs to corporation as a part of trust fund for creditors and stockholders.

3. SAME—CERTIFICATES OF STOCK.
   Certificates of stock are only evidences of ownership of an aliquot part of the assets of the corporation less its liabilities.

4. SAME—EARNINGS—DIVIDENDS.
   Earnings of a corporation belong to it, are a part of the trust fund in its hands and are additions to its capital and do not become separate and distinct from the corporation itself until declared as dividends, the surplus earnings remaining as corporate property.

5. SAME—PASSING OF A STOCKHOLDER'S INTEREST.
   A stockholder's interest in a corporation passes on the passing of his certificate of stock to the holder thereof.

6. SAME—STOCKHOLDERS NOT CONSIDERED CREDITORS.
   The stockholders of a corporation are not creditors of a corporation as that word is generally used.

7. SAME—DIVIDENDS.
   Dividends mean corporate profits set apart for division among the stockholders.

8. SAME—STOCKHOLDER'S RIGHT TO SURPLUS.
   A stockholder has no specific right to any part of the surplus acquired by the corporation except that he may have an equitable right to a division of the same among the stockholders.

9. SAME—RIGHT TO DIVIDENDS.
   All persons who own shares of stock in a corporation at the time a dividend is declared thereon are entitled to share in the dividend in proportion to the amount of their holdings regardless of the time when they acquired the shares.

10. SAME—DIVIDENDS—SUCCESSIVE STOCKHOLDERS.
    As between successive owners of shares of stock in a corporation, generally dividends belong to persons who are the owners of the stock at the time they are declared, without regard to the time within which the dividend was earned.

11. SAME—STOCKHOLDER'S RIGHT TO SUE ON BEHALF OF CORPORATION.
    A stockholder is not permitted to sue on behalf of a corporation unless he shows either that the corporation actually refuses to bring the suit or that refusal of the managing body, if it had been requested to bring the suit, might be inferred with reasonable certainty.

12. SAME—RECOVERY OF CORPORATE ASSETS IN STOCKHOLDER'S SUIT—DISBURSEMENT.

> Where money belonging to a corporation is recovered in a stockholder's suit, amount found due from the several defendants to the corporation must be paid by them to its treasurer and disbursed by him to the stockholders in accordance with their respective interests.

13. ABATEMENT AND REVIVAL—PLAINTIFF'S DIVESTITURE OF CLAIM—PARTIES—REAL PARTY IN INTEREST.

> Plaintiff who divests himself of any claim he may have after commencement of a suit may not continue to litigate but the suit may be dismissed as statute relative to parties to actions requires prosecution of every action in the name of the real party in interest (3 Comp. Laws 1929, § 14010).

14. CORPORATIONS—SALE OF SHARES AT EXECUTION SALE—DIVIDENDS.

> Purchaser of shares of stock which were levied upon and sold became entitled to dividends thereon (3 Comp. Laws 1929, § 14598).

15. ABATEMENT AND REVIVAL — REAL PARTY IN INTEREST — STOCKHOLDER'S SUIT.

> Plaintiff stockholder who brought suit on behalf of corporation to recover corporate funds alleged to have been diverted fraudulently through malfeasance and nonfeasance of its officers, whose stock during such suit was levied upon and sold for sum in excess of judgment and who accepted balance *held,* not entitled to continue suit as such stockholder since he had lost his interest in the capital stock of the corporation and was no longer the real party in interest (3 Comp. Laws 1929, § 14010; Court Rule No. 18, § 1, subd. j [1933]).

Appeal from Wayne; Moll (Lester S.), J. Submitted April 29, 1937. (Docket No. 150, Calendar No. 39,368.) Decided June 7, 1937.

Bill by Polish American Publishing Company of Detroit, a Michigan corporation, by August Cyrowski, a shareholder, and August Cyrowski against Louis F. Wojcik and others for dissolution of the corporation, an accounting, an injunction and other

relief.  August Cyrowski, individually, withdrew as party plaintiff.  Suggestion of death of August Cyrowski.  Arthur Cyrowski, administrator of the estate of August Cyrowski, substituted as party plaintiff.  Paul Faust intervened as party defendant.  Motion to dismiss by defendants Januszewski, Przylubski and intervening defendant.  Bill dismissed.  Plaintiff appeals.  Affirmed.

*Cyrowski, Cyrowski & Cyrowski* (*Ernest P. LaJoie* and *John Kenneth Scheusler,* of counsel), for plaintiff.

*John McNeil Burns* (*Cyril E. Bailey* and *Joseph B. Beckenstein,* of counsel), for defendants.

Potter, J.  The Polish American Publishing Company, a Michigan corporation, by August Cyrowski, a shareholder therein, and August Cyrowski, plaintiffs, filed a bill in chancery against defendants Louis F. Wojcik, Frank Januszewski, Matie Wojcik, Stefania Januszewski, John J. Przylubski, First Wayne National Bank of Detroit, a Federal banking corporation, Wyandotte Savings Bank, a Michigan corporation, and the Standard Trust Company, a Michigan corporation, for the dissolution and winding up of the affairs of the Polish American Publishing Company; the appointment of a receiver for that purpose; for an accounting by defendants and the payment by them to the corporation of moneys due from them to it; for setting aside a series of bonds issued by the plaintiff corporation, and a trust mortgage securing the payment of the same, as null and void; for refunding of certain moneys to the corporation by persons receiving the same; for an injunction restraining the personal defend-

ants above named from selling, assigning, pledging, hiding away or in any other manner disposing of their property and restraining Frank Januszewski from drawing and receiving from the corporation any money for salary, bonus or commissions voted to himself, and restraining John J. Przylubski from paying to Frank Januszewski or to his order any money of the corporation on account of any salary, bonus or commissions illegally voted to Frank Januszewski by the board of directors of the corporation, and from altering and changing any books or records of the corporation; and for other and further relief. From a decree for defendants, plaintiff appeals.

The Polish American Publishing Company, a Michigan corporation, had an initial capital stock of $20,000, which was raised to $36,000 in 1919. August Cyrowski, plaintiff, owned 60 shares of its capital stock. The bill of complaint alleges that from 1920 to 1930 the corporation was controlled by Louis F. Wojcik who dominated the board of directors, elected its officers and dictated the policy of the corporation; that the directors other than Wojcik were mere dummy or puppet directors and in pursuance of a fraudulent conspiracy entered into by defendant Wojcik with these rubber-stamp directors he proceeded to plunder the corporation, misappropriate its earnings, exclude plaintiff Cyrowski from participating in the profits of the corporation, and that Wojcik, by reason of his malfeasance and nonfeasance, all of which is discussed with great particularity in the bill of complaint, misappropriated and converted to his own use upwards of a quarter of a million dollars; that since 1930, Frank Januszewski acquired the rights of Louis F. Wojcik in the corporation and dominated and controlled such

corporation in the same manner as defendant Louis F. Wojcik had before that time done and wrongfully extracted large sums of money therefrom without consideration. It is charged plaintiff August Cyrowski had been excluded from the plant of the corporation, from participation in its corporate meetings, from sharing in the profits of the business and from examining the records and books of the corporation; and that plaintiff Cyrowski had but a few days before the filing of the bill of complaint learned of the defalcations, misappropriations, malfeasance and nonfeasance of defendants.

The defendants denied all of the acts of misfeasance, nonfeasance and wrongdoing alleged against them in plaintiff's bill of complaint; alleged the capital of said corporation became impaired in the usual and ordinary operation of such business; claimed the bill of complaint was filed for the purpose of wrecking the business; and denied plaintiff was entitled to the whole or any part of the relief prayed.

The trial court denied plaintiff's petition for the appointment of a receiver and ordered so much of the bill of complaint as related to the dissolution of the corporation and the appointment of a receiver dismissed.

While this case was pending in the circuit court August Cyrowski, plaintiff, died and his death was suggested on the record and subsequently an order was entered substituting Arthur Cyrowski, administrator of the estate of August Cyrowski, as a party plaintiff.

On August 24, 1934, defendants Frank Januszewski and wife and John J. Przylubski moved for leave to file a supplemental answer and an order was entered granting leave to file such supplemental

answer. Such supplemental answer alleges that on July 24, 1933, Paul Faust purchased all of the stock owned by August Cyrowski in the Polish American Publishing Company and thereupon became entitled to all the rights of August Cyrowski in and to any rights of action or claims asserted by the said August Cyrowski or his administrator in the cause; and that neither August Cyrowski nor his administrator had any right, title or interest in the cause. In support of this allegation they alleged that one Julian Koss recovered judgment against August Cyrowski in the circuit court for $6,519, together with $98.15 costs, and that the stock of August Cyrowski in the corporation was levied on and sold at execution sale by the deputy sheriff of Wayne county, and in pursuance of such sale Paul Faust paid for the same $9,412.67, from which sum the amount of such judgment and costs was paid, and the sum of $2,541.40, after the payment of $6 in revenue stamps, was paid by the deputy sheriff conducting the sale to August Cyrowski; and, therefore, neither the plaintiff August Cyrowski nor his administrator could maintain this suit, having parted with all of their right, title and interest therein under the execution sale above mentioned, a part of the proceeds of which, after payment and satisfaction of the judgment under which execution was levied against the same, was paid over to and accepted by the plaintiff August Cyrowski.

Two questions are presented: (1) May an action in equity brought on behalf of the corporation by its minority stockholder for the fraud of majority stockholders in control of the corporation in diverting its assets be prosecuted to completion where it is made to appear that the minority stockholder lost his stock some 14 months after the commencement

of suit by him and while the same was pending; and (2) was the trial court right in summarily dismissing the bill of complaint brought for that purpose upon the ground that plaintiff had parted with his stock as above alleged after the commencement of suit by him?

Plaintiff claims the trial court was in error in summarily dismissing the bill of complaint upon the ground that plaintiff August Cyrowski had parted with his stock during the time the case was pending, and appellees contend the trial court was correct in so dismissing the bill of complaint. This presents the only issue.

The capital of plaintiff corporation was a trust fund for the benefit of its creditors and, after the discharge of its obligations to creditors, for its stockholders without preference or priority one over another.

There is no doubt of the right of a corporation to maintain a suit in its own name to recover for it money or property belonging to it of which it has been fraudulently deprived. Such money or property when recovered is the money or property of the corporation—a part of the trust fund for the benefit of creditors and stockholders. Certificates of stock are only evidences of ownership of an aliquot part of the assets of the corporation. The earnings of the corporation belong to it. They, too, are a part of the trust fund in the hands of the corporation. They are additions to the capital thereof. Any stockholder's interest in such earnings or additions to the capital of the corporation is represented by the certificate of stock which is evidence the legal holder thereof is entitled to an aliquot part of its assets, less its liabilities. And such interest passes, on the passing of the certificate of stock, to

the holder thereof. Until the earnings of the corporation are separated from its capital and segregated for dividend purposes and declared as dividends, they do not belong to the stockholders as separate and distinct from the corporation itself. The surplus earnings of a corporation are corporate property. *In re Joy's Estate,* 247 Mich. 418 (72 A. L. R. 973). The stockholders of a corporation are not creditors of a corporation as that word is generally used. *Leland* v. *Ford,* 245 Mich. 599; *Curtiss* v. *Wilmarth,* 254 Mich. 242. Dividends mean corporate profits set apart for division among the shareholders. *Knight* v. *Alamo Manfg. Co.,* 190 Mich. 223 (6 A. L. R. 789); *Barnes* v. *Spencer & Barnes Co.,* 162 Mich. 509 (139 Am. St. Rep. 587); *Bay City Bank* v. *St. Louis Motor Sales Co.,* 255 Mich. 261; *Lockhart* v. *Van Alstyne,* 31 Mich. 76 (18 Am. Rep. 156). A stockholder of a corporation has no specific right to any part of the surplus acquired by such corporation, except that he may have an equitable right to a division of the same among the stockholders. *In re Joy's Estate, supra; Dodge* v. *Ford Motor Co.,* 204 Mich. 459 (3 A. L. R. 413).

All persons who own shares of stock in a corporation at the time a dividend is declared thereon are entitled to share in the dividend in proportion to the amount of their holdings, regardless of the time when they acquired the shares. 14 C. J. p. 817. As between successive owners of shares of stock in a corporation, the general rule is that dividends belong to the persons who are the owners of the stock at the time they are declared, without regard to the time within which the dividend was earned. 14 C. J. p. 818.

In cases of this kind, since the cause of action exists primarily in behalf of the corporation, the

stockholder is not permitted to sue unless he shows either that the corporation actually refuses to bring the suit or that a refusal of the managing body, if it had been requested to bring the suit, might be inferred with reasonable certainty. 5 Pomeroy's Equity Jurisprudence (3d Ed.) § 305.

Where money belonging to a corporation is recovered in a stockholder's suit, the amount found due from the several defendants to the corporation must be paid by them to the treasurer of the corporation and disbursed by him to the stockholders in accordance with their respective interests. *Garber* v. *Town,* 208 Mich. 1.

Suits in equity must be prosecuted by the real party in interest, 3 Comp. Laws 1929, § 14010, subject to the exceptions contained in the statute so providing. If, after plaintiff institutes a suit, he divests himself of any claim, he may not continue to litigate, but the suit may be dismissed. *Brewer* v. *Dodge,* 28 Mich. 359. This necessarily follows from the provisions of 3 Comp. Laws 1929, § 14010, which requires the prosecution of every action in the name of the real party in interest.

Plaintiff August Cyrowski's shares of stock were levied upon and sold during the pendency of suit, and by the express terms of the statute the purchaser of such shares of stock became entitled to the dividends thereon. 3 Comp. Laws 1929, § 14598. The title to plaintiff's stock having passed from him during the pendency of suit, defendants had a right to a dismissal of the bill. Court Rule No. 18, § 1, subd. j (1933). In addition, the stock of plaintiff Cyrowski was sold at execution sale for more than the amount of the execution in the hands of the officer and plaintiff accepted from the deputy sheriff conducting that sale the sum of $2,541.40 after the

payment of $6 for revenue stamps. Plaintiff could not take and keep the benefit of the sale of his stock under execution and at the same time repudiate the sale and continue to prosecute the suit as a stockholder after he had lost his interest in the capital stock of the corporation.

Decree of the trial court affirmed, with costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and CHANDLER, JJ., concurred.