## GUARDIAN DEPOSITORS CORP. *v.* KELLER.

1. MORTGAGES—FORECLOSURE BY ADVERTISEMENT—STATUTES—CONTENTS OF NOTICE.

Notice of sale in proceedings to foreclose a mortgage by advertisement need not contain provision ''that no suit or proceeding shall have been instituted, at law, to recover the debt then remaining secured by such mortgage, or any part thereof,'' since the statute as to contents of the notice does not require that such a provision be placed therein and the court cannot invalidate a notice by adding to the statutory requirements (3 Comp. Laws 1929, § 14428).

2. SAME—FORECLOSURE BY ADVERTISEMENT—NOTICE OF SALE—IRREGULARITIES.

Slight and inconsequential irregularities in notice of sale in proceedings to foreclose mortgage by advertisement will not vitiate the sale (3 Comp. Laws 1929, § 14428).

3. SAME—FORECLOSURE BY ADVERTISEMENT—NOTICE OF SALE—NAME OF INTERMEDIATE ASSIGNEE—INCONSEQUENTIAL IRREGULARITY.

Notice of sale in proceedings to foreclose a mortgage by advertisement which gave name of an intermediate assignee of the mortgagee's interest as ''Union Guardian Trust Company, Trustee,'' whereas correct name was ''Union Guardian Trust Company, of Detroit, a Michigan Corporation, Trustee,'' *held,* not invalid for failure to give correct name, the error being an inconsequential irregularity (3 Comp. Laws 1929, § 14428).

4. SAME—FORECLOSURE BY ADVERTISEMENT—NOTICE OF SALE—DESCRIPTION OF PREMISES.

Notice of sale in proceedings to foreclose a mortgage by advertisement which described the mortgaged premises with such certainty that a prospective purchaser was directed to the record and plat from which he could ascertain the exact location of the premises *held,* sufficient notwithstanding it did inaccurately describe premises as being on the northwest corner of two thoroughfares whereas it was in fact located on the northeast corner (3 Comp. Laws 1929, § 14428).

5. SAME—FORECLOSURE BY ADVERTISEMENT—SALES—INADEQUATE PRICE—MISDESCRIPTION IN NOTICE.

> In suit to have proceedings to foreclose a mortgage by advertisement declared invalid, contention that sale was for an inadequate price which, coupled with the misleading description in the notice, rendered the sale void *held*, without merit.

6. EVIDENCE—MEMORANDUM—REFRESHING RECOLLECTION.

> Where a person who is a witness to a particular transaction, has made a memorandum at the time of certain facts for the purpose of perpetuating the memory of them, and can, at any subsequent period, swear that he had made the entry at the time for that purpose, and that he knows from that memorandum that the facts did exist, it will be good evidence, although the witness does not retain a distinct recollection of the facts themselves.

7. SAME—AFFIDAVIT OF PUBLICATION—PRESENT RECOLLECTION OF FACTS OF NOTICE OF FORECLOSURE OF MORTGAGE.

> In suit in which validity of proceedings to foreclose mortgage by advertisement was drawn in question testimony of affiant who made affidavit of publication that she had no present recollection of the publication of the notice although she identified her signature to the affidavit of publication and testified that the statements made therein were true, did not overcome presumption that the affidavit was accurate but was merely to the effect that at the time of the trial she did not remember the publication of this notice, present recollection as to the facts of publication not being required under the statute (3 Comp. Laws 1929, §§ 14439, 14441).

8. PARTIES—REAL PARTY IN INTEREST—SUMMARY PROCEEDINGS—INJUNCTION.

> Actions to recover possession of premises plaintiff had purchased at sale under proceedings to foreclose mortgage by advertisement and to restrain holders of mortgagee's interest from removing certain chattels, claimed under the mortgage, were properly prosecuted by plaintiff where record fails to show that plaintiff has conveyed any part of the premises to any other party or legally obligated itself to do so, plaintiff then being presumed to be the real party in interest (3 Comp. Laws 1929, § 14010).

9. FORCIBLE ENTRY AND DETAINER—CIRCUIT COURT COMMISSIONER—JURISDICTION IN SUMMARY PROCEEDINGS.

> The circuit court commissioner is vested with exclusive jurisdiction to determine possession of real property in summary proceedings by virtue of statute (3 Comp. Laws 1929, § 14975 *et seq.*).

10. INJUNCTION—JURISDICTION—CIRCUIT COURT COMMISSIONER—EQUITY.

> Injunctive relief against removal of chattels on mortgaged property may not be obtained in summary proceedings before circuit court commissioner, such relief being obtainable only in a chancery court.

11. MORTGAGES—FORECLOSURE—REDEMPTION—NOTICE TO TERMINATE TENANCY.

> Purchasers of mortgaged premises who assumed then outstanding mortgage, later foreclosed by advertisement, were not entitled to notice to terminate tenancy after expiration of period of redemption where record sustains finding of trial court that no tenancy ever existed between plaintiff purchaser at foreclosure sale and defendant.

12. SAME—CHATTELS—KNOWLEDGE OF MORTGAGOR'S GRANTEE—FINDING OF COURT—EVIDENCE.

> In suit to restrain persons who were in possession of premises which plaintiff had purchased at sale under foreclosure by advertisement from removing chattels, furniture and equipment used in and around the gasoline station because of lien claimed by plaintiff under instrument duly recorded as a mortgage but not filed or recorded in place required by statute for chattel mortgages, record *held*, to sustain finding that defendant purchaser of mortgagor interest who had assumed payment of the mortgage had knowledge of provision in mortgage under which the chattels, furniture, fixtures and equipment were considered as part of the real estate and covered by the mortgage (3 Comp. Laws 1929, § 13424, as amended by Act No. 129, Pub. Acts 1935).

13. SAME—SUBSEQUENTLY ACQUIRED FIXTURES AND EQUIPMENT CONSIDERED PART OF REALTY—SUBJECTION TO MORTGAGE LIEN—CONTRACTS.

> Fixtures and equipment which were placed upon mortgaged premises subsequent to execution of the mortgage became subject

to mortgage lien pursuant to provision of mortgage where mortgage treated such fixtures as part of the real estate as parties to a mortgage may so stipulate.

14. Appeal and Error—Injunction—Sales—Furniture, Fixtures and Equipment—Bona Fides of Purchase—Finding of Court.
Finding of trial court that one who claimed to be a purchaser of furniture, fixtures and equipment of gasoline station was not a *bona fide* purchaser, made in suit to restrain such alleged purchaser and his vendors from removing same from premises plaintiff had purchased at sale under foreclosure by advertisement of mortgage containing stipulation that such furniture, fixtures and equipment were to be considered as realty, *held*, permissible under record.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted June 7, 1938. (Docket Nos. 20, 21, Calendar Nos. 39,995, 39,996.) Decided November 10, 1938.

Summary proceedings by Guardian Depositors Corporation, of Detroit, a Michigan corporation, against Philip H. Keller and wife to obtain possession of certain premises. Judgment for defendants. Plaintiff appealed to circuit court. Case consolidated for hearing and appeal with case set forth below. Judgment for plaintiff. Defendants appeal. Affirmed.

Bill by Guardian Depositors Corporation, of Detroit, a Michigan corporation, against Philip H. Keller and B. A. Lemky to restrain the removal of certain chattels from premises. Cross-bill by defendants against plaintiff to determine validity of a foreclosure, for an injunction and other relief. Case consolidated for trial and appeal with case set forth above. Decree for plaintiff. Defendants appeal. Affirmed.

*Bodman, Longley, Bogle, Middleton & Farley* (*Carleton H. McIntyre,* of counsel), for plaintiff.

*Clair Olney* and *Hallet B. Frisbie,* for defendants.

SHARPE, J.   March 17, 1930, Ora E. Williams and wife being owners of certain real estate in the city of Detroit, mortgaged the same to the Briggs Commercial & Development Company to secure a loan of $19,000 to be paid March 17, 1935.   The mortgage was recorded in the office of the register of deeds for Wayne county, Michigan.   The mortgage contained the following provision:

"And it is mutually covenanted and agreed by and between the parties hereto that all furniture, fixtures and equipment of every nature and kind whether now on the said premises or hereafter to be placed or to be installed therein or thereon, appurtenant to the buildings erected or to be erected upon the said premises, and intended for the use of tenants and occupants, are and shall be deemed to be an accession to the freehold and a part of the realty as between the parties hereto, and all persons claiming by, through or under them and the same shall be deemed to be a portion of the security for the indebtedness herein mentioned, and to be conveyed by this mortgage."

Plaintiff became the assignee of the mortgage by mesne assignments on August 1, 1935, and all of such assignments were properly recorded.   June 15, 1933, Williams and wife conveyed by warranty deed the mortgaged premises to Philip H. Keller who assumed to pay the outstanding mortgage.   On the same day, Williams and wife executed a bill of sale of all fixtures and equipment, excepting certain electrical equipment and parts, to Keller.   In February,

1935, Mr. Lemky claims to have purchased the fixtures from Keller.

The mortgage and taxes being in default, plaintiff foreclosed by advertisement and purchased the property at the sheriff's sale for the sum of $8,800 subject to taxes then due which amounted to approximately $1,500. The period of redemption expired February 28, 1937.

March 24, 1937, plaintiff served defendants Philip H. Keller and Ethel L. Keller with summons in proceedings before a circuit court commissioner for possession of the premises. On April 16, 1937, the defendants appeared specially and moved to dismiss plaintiff's case because the complaint filed therein failed to indicate the character of plaintiff's ownership; because of a chancery suit having been instituted on March 9, 1937, against Keller and Lemky which raised the question of ownership and possession of the real estate in dispute; and because the plaintiff failed to give defendants any notice to quit or terminate the tenancy of the defendants. The circuit court commissioner dismissed plaintiff's case and plaintiff then appealed to the circuit court.

March 9, 1937, plaintiff commenced a chancery suit against Keller and Lemky as tenants to restrain them from removing certain chattels claimed by plaintiff under a mortgage given by Williams and wife. Defendants entered their appearance in the cause and filed an answer and cross-bill in which defendant Keller claimed to have acquired title to the chattels by bill of sale from Williams and wife, while defendant Lemky claimed to be a *bona fide* purchaser of the chattels from Keller and had the chattels in his possession at the above described premises. On June 9, 1937, both the law and chancery cases came on for hearing and plaintiff prevailed in each cause.

Defendants claim the foreclosure invalid for the following reasons:

1. That plaintiff and cross-defendant failed to set out in their notice of mortgage sale, "That no suit or proceedings shall have been instituted, at law, to recover the debt then remaining secured by such mortgage, or any part thereof; or if any suit or proceedings has been instituted, that the same has been discontinued, or that an execution upon the judgment rendered therein has been returned unsatisfied, in whole or in part;"

2. That the notice fails to name correctly one of the assignees of the mortgage, as required by the statutes and decisions of the State of Michigan;

3. That the mortgage notice failed to describe the property accurately;

4. That the sale for an inadequate price coupled with misleading advertisement because of the wrong description was misleading and rendered the sale void;

5. That the sheriff's deed is premised on an erroneous description of the property in the foreclosure notice; and

6. That the amount claimed due in the mortgage notice is not a true and accurate computation of the amount due on the mortgage.

Defendants also contend that the present actions should be dismissed as plaintiff is not the real party in interest.

The first question necessary to determine is the validity of the foreclosure and sale of the mortgaged premises. It is the contention of defendants that the plaintiff failed to set out in their notice of foreclosure sale, "That no suit or proceeding shall have been instituted, at law, to recover the debt then remaining secured by such mortgage, or any part

thereof'' (3 Comp. Laws 1929, § 14426 [Stat. Ann. § 27.1222]).

In *Lee* v. *Clary,* 38 Mich. 223, we said:

''It may also be suggested that the statute, while it does not allow a foreclosure to proceed at the same time with proceedings at law, provides expressly for what shall be contained in the notice, and requires in it no reference to this subject. The notice is required to contain four elements; 1, the names of the parties to the mortgage, and assignees; 2, the date and when recorded; 3, the amount claimed to be due; 4, a description of the premises.

''These all identify the instrument and show the extent of the claims of the party foreclosing and indicate to persons interested what rights are set up. This is all that they need to be informed of to protect themselves. The fact of proceeding is an assertion that there is no legal obstacle, and the mortgagor liable for the debt needs no information from the notice to tell him whether or not he has been sued at law.

''We cannot add to the requirements of the statute and hold a notice void for not asserting or containing what that does not require. In the absence of any statute the power of sale was enforced upon such terms as the contract itself provided. The statute is now the only measure of power, and although most practitioners very wisely insert provisions meeting all the contingencies likely to arise, the notice need not in legal strictness go beyond the law.''

It is next claimed that one of the assignees of the mortgage was not named correctly. It appears that one of the assignees of the mortgage was named in the notice as the ''Union Guardian Trust Company, Trustee.'' The correct name is Union Guardian Trust Company, of Detroit, a Michigan Corporation, Trustee.

In *Oades* v. *Standard Savings & Loan Ass'n,* 257 Mich. 469, Oades was mortgagor and owner of property in which his wife had only an inchoate dower right. The issue before the court was, ''whether the foreclosure was void for failure to name Mrs. Oades as mortgagor in the notice of sale.'' Justice FEAD, speaking for the court, said:

''The statute requires that the notice shall specify, 3 Comp. Laws 1929, § 14428 (Stat. Ann. § 27.1224):

'' 'The names of the mortgagor and of the mortgagee, and the assignee of the mortgage if any.'

''While slight and inconsequential irregularities in the notice will not vitiate the sale (*Lau* v. *Scribner,* 197 Mich. 414), courts cannot disregard any of the positive provisions of the statute. It is not for us to speculate upon whether the legislature intended the provision requiring the mortgagor to be named in the notice as affording a means of identifying the mortgage to prospective purchasers or as giving mortgagors constructive notice of foreclosure or otherwise. The provision is mandatory. Although a notice was held valid which named the mortgagor 'Dickson' as 'Dixon,' on the ground of *idem sonans* (*Reading* v. *Waterman,* 46 Mich. 107), a notice which described the mortgagor 'Ermina Livermore' as 'Emma' was held void (*Lee* v. *Clary,* 38 Mich. 233); as was one which named the mortgagor 'Tofila' as 'Julia' (*Zlotoecizski* v. *Smith,* 117 Mich. 202). In other States also the provision has been held imperative. *Abbot* v. *Banfield,* 43 N. H. 152; *Roche* v. *Farnsworth,* 106 Mass. 509; *Weir* v. *Birdsall,* 27 App. Div. 404 (50 N. Y. Supp. 275); 41 C. J. p. 951.''

In the case at bar, the assignee in the chain of assignments was a corporation, but was not the assignee that foreclosed the mortgage. The error was an inconsequential irregularity. See *Lee* v. *Clary, supra.*

It is next claimed that the mortgage notice failed to describe the property accurately. The description of the property in the notice was accurate except that the property is designated as being situated on the *northwest* corner of West Vernor highway and Twenty-third avenue. The correct location of the property is the *northeast* corner of West Vernor highway and Twenty-third avenue.

Section 14428, 3 Comp. Laws 1929 (Stat. Ann. § 27.1224), provides that every such notice shall specify, "A description of the mortgaged premises, conforming substantially with that contained in the mortgage."

In *Reading* v. *Waterman,* 46 Mich. 107, this court said:

"The blunders which appear to have got into the notice of sale indicate very careless printing, and the changes in different issues are not easily explained. But how far they can be allowed to defeat the sale depends on the effect they were likely to have on persons interested.

"Authorities are cited and arguments made on this matter, which relate to proceedings which are had of a hostile character and *ex parte,* where it is commonly held that such action contrary to the usual course of law, and against persons who have not the common-law benefits of self-protection, should be held invalid, unless conforming strictly to statutory authority.

"We held in *Lee* v. *Clary,* 38 Mich. 223, that statutory foreclosures did not come in all respects within the same mischief. The statutes regulating them are made to enlarge and not to cut down the rights of mortgagors. Before such statutes were passed, sales made under a power of sale contained in a mortgage were governed by the same rules applicable to sales under any other power, and courts in the absence of

statutes have never applied to such powers any such technical rules as would impair the security of purchasers. The power is part of the contract, and should be construed on principles applicable to contracts, and not as a hostile process.

"The statutes were intended to prevent surprise or unfairness, and they should be enforced in everything substantial. Courts cannot disregard any of their positive provisions. But on the other hand those provisions cannot be enlarged or unreasonably construed so as to render mortgage sales unsafe, or to make bidding hazardous. The law was designed to encourage and not to destroy recourse to these simple and cheap remedies; and while no substantial right should be disregarded, substantial regularity is all that should be held imperative.

"The only things absolutely required in the notice of sale are—the names of the parties original or by assignment, the date of the mortgage and of its record, the amount claimed to be due, and a description *substantially* agreeing with that in the mortgage."

In *Provident Mutual Life Ins. Co.* v. *Vinton Co.,* 282 Mich. 84, we quoted with approval the following:

" 'The property to be sold must be described in the notice with such a reasonable degree of certainty that the public by the exercise of ordinary intelligence may be enabled to identify it, and may be directed to the means of obtaining an exact description if desired.' 41 C. J. p. 951."

See, also, *Lau* v. *Scribner,* 197 Mich. 414.

In our opinion the notice described the mortgaged premises with such certainty that a prospective purchaser was directed to the record and plat from which he could ascertain the exact location of the premises.

We find no merit in defendants' next contention, that the sale was for an inadequate price and this coupled with the misleading description in the notice rendered the sale void.

During the trial of the causes witness Drogosch, chief clerk of the Legal Times, had no present recollection of the publication of the notice although she identified her signature to the affidavit of publication and testified that the statements made therein were true. The affidavits of publication and posting were both annexed to the sheriff's deed and recorded. The trial court admitted the affidavits in evidence and held that the same were true. It is the contention of defendants that the failure of the above witness to recollect the actual publication overcame the presumption of such publication.

Section 14439, 3 Comp. Laws 1929 (Stat. Ann. § 27.1235), provides:

"Any party desiring to perpetuate the evidence of any sale made in pursuance of the provisions of this chapter, may procure:

"1. An affidavit of the publication of the notice of sale, and of any notice of postponement, to be made by the publisher of the newspaper in which the same was inserted, or by some person in his employ knowing the facts; * * *

"3. An affidavit setting forth the time, manner and place of posting a copy of such notice of sale to be made by the person posting the same."

And 3 Comp. Laws 1929, § 14441 (Stat. Ann. § 27.1237), provides:

"Such affidavits shall be recorded at length by the register of deeds of the county in which the premises are situated, and a book kept for the record of deeds; and such original affidavits, the record thereof and

certified copies of such record shall be presumptive evidence of the facts therein contained.''

In *Koehler* v. *Abey,* 168 Mich. 113, we said:

''In *State* v. *Rawls,* 2 N. & McC. (S. C.) 331, the rule is stated in the headnote as follows:

'' 'Where a person who is a witness to a particular transaction, has made a memorandum at the time of certain facts for the purpose of perpetuating the memory of them, and can, at any subsequent period, swear that he had made the entry at the time for that purpose, and that he knows from that memorandum that the facts did exist, it will be good evidence, although the witness does not retain a distinct recollection of the facts themselves.' ''

In *Rice* v. *Fidelity & Casualty Co. of New York,* 250 Mich. 398, we said:

''This court has held that a memorandum made by a witness, at the time, if the witness has no present remembrance, and his recollection is not refreshed by his *own* memorandum, may, if the witness testifies it was true when made, be admitted in evidence. *Fisher* v. *Kyle,* 27 Mich. 454; *Spalding* v. *Lowe,* 56 Mich. 366; *Koehler* v. *Abey,* 168 Mich. 113.''

Witness Drogosch's testimony did not overcome the presumption that the affidavit was accurate, but was merely to the effect that at the time of the trial she did not remember the publication of this notice. Under the statute present recollection is not necessary.

In our opinion the objections raised against the validity of the foreclosure and sale of the mortgaged premises are without merit.

Defendants further contend that plaintiff's actions should be dismissed as the present plaintiff is not the real party in interest. Section 14010, 3 Comp. Laws 1929 (Stat. Ann. § 27.654), provides, that ''Every action shall be prosecuted in the name of the real party in interest.'' Under this statute plain-

tiff would have no right to prosecute its actions if it deeded or assigned the property to another party. *Polish American Publishing Company of Detroit* v. *Wojcik,* 280 Mich. 466; *Provident Mutual Life Ins. Co.* v. *Vinton Co., supra.* In the case at bar, the record shows that title became vested in plaintiff after the equity of redemption had expired, February 28, 1937. The record fails to show that plaintiff has conveyed any part of the premises to any other party or legally obligated itself to do so. In the absence of such showing it must be presumed that plaintiff, being the owner and holder of a sheriff's deed on a statutory foreclosure of a mortgage, is the real party in interest.

It is the claim of defendants that the trial court was in error in not dismissing plaintiff's law case because of a prior cause pending; and because defendants, if tenants of plaintiff, had not received any notice to pay rent, terminate their tenancy or to quit as required by statute.

The record shows that the chancery cause to restrain the removal of mortgaged property was commenced March 9, 1937, while the summary proceeding was instituted March 22, 1937, for possession of the real estate. The summary proceedings statute, 3 Comp. Laws 1929, § 14975 *et seq.* (Stat. Ann. § 27.1986 *et seq.*), vests exclusive jurisdiction in the circuit court commissioner to determine possession of real property in summary proceedings. Under this statute the defendants could have contested the validity of the statutory foreclosure proceedings. *Gage* v. *Sanborn,* 106 Mich. 269. The plaintiff could not have received injunctive relief against the removal of mortgaged property in the proceedings before the circuit court commissioner. To obtain such relief, plaintiff was required to go into a chan-

cery court.  In our opinion both actions were prop-
erly started in the courts having jurisdiction of the
matters involved.  Nor do we think that defendants
Keller were entitled to any notice to terminate their
tenancy.  In plaintiff's bill of complaint it is alleged
that both defendants Keller and Lemky are tenants
of plaintiff, while in the answer filed by defendants
it is alleged by defendant Keller that he never held
the above premises as a tenant of plaintiff.  Defend-
ant Lemky denied that he ever paid plaintiff any
rent for the premises and alleged that he was a
lessee of defendant Keller.  No proofs were offered
by either defendant to show the existence of any
tenancy agreement or an agreement to pay a stipu-
lated rent on the gas station premises.  The trial
court found that no tenancy ever existed between
plaintiff and defendants.  The record sustains the
finding of the trial court.

In this cause plaintiff claimed a mortgage lien on
the chattels, furniture and equipment used in and
around the gasoline station.  The claimed chattel
mortgage was included in the real estate mortgage
and recorded therewith, but not filed or recorded in
the place required by the statute for chattel mort-
gages.*  It is the claim of defendants that the re-
cording in this case was not constructive notice to
either of defendants of plaintiff's mortgage lien.
The record shows that at the time of the execution
of the mortgage, defendant Keller was operating the
gasoline station with Williams and Sowerby; that
when Williams executed a bill of sale to Keller,
Keller had notice of the execution of the real estate
mortgage.  On the same day that the bill of sale was
executed, a deed from Williams to Keller was exe-

* See 3 Comp. Laws 1929, § 13424, as amended by Act No. 129, Pub.
Acts 1935 (Stat. Ann. § 26.929).—Reporter.

cuted in which Keller assumed and agreed to pay the mortgage. The record sustains the finding of the trial judge that defendant Keller had assumed the payment of the real estate mortgage in his deed from Williams and had knowledge of the provisions relating to the furniture, fixtures and equipment mentioned in said real estate mortgage. Under the proviso contained in the mortgage, the furniture, fixtures and equipment were by the parties considered as part of the real estate and covered by the mortgage.

The next question relates to the sale of the furniture, fixtures and equipment by Keller to Lemky in 1935. The trial court found that certain of the fixtures and equipment·were placed upon the premises subsequent to the execution of the above mortgage. It appears from the mortgage that such furniture, fixtures and equipment subsequently placed upon the premises were to be considered as part of the real estate. Parties to such an agreement may so stipulate. The trial court also found that Lemky was not a *bona fide* purchaser of any of the furniture, fixtures and equipment. We have examined the record and conclude that there were facts and circumstances from which the trial court could reach such a conclusion.

The decree and judgment are affirmed. Plaintiff may recover costs.

WIEST, C. J., and BUSHNELL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, J., took no part in this decision.