**CALVERT ASSOCIATES, a Michigan Limited Partnership, Plaintiff,**

v.

**Patricia HARRIS, Secretary, Department of Housing and Urban Development, in her official capacity, Defendant.**

Civ. A. No. 9–70610.

United States District Court, E. D. Michigan, S. D.

April 19, 1979.

As Amended June 19 and 21, 1979.

David S. Snyder, Gurwin, Snyder & Weingarden, Southfield, Mich., for plaintiff.

Ronald W. Mellish, Asst. U. S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

Plaintiff Calvert Associates has asked this court to temporarily enjoin the defendant Patricia Harris, Secretary of the Department of Housing and Urban Development, from selling the properties commonly known as 1409 Collingwood, 1250 Calvert, and 1251 Calvert, all in the City of Detroit, Michigan, which the defendant intends to sell at public sale.

The interests of the respective parties are these. Plaintiff, as owner, granted a mortgage on the properties to a third party, which mortgage was insured under Title VI of the National Housing Act. 12 U.S.C. § 1736–1746a. The mortgagee assigned its interest in the mortgage to another party and that party assigned the same interest to the defendant. Eventually, plaintiff defaulted on its payments of the loan which was secured by the mortgage in question. Defendant is in the process of effecting a foreclosure by advertisement as provided in M.C.L.A. § 600.3201 *et seq.* Plaintiff now seeks the aid of this court in its attempt to halt the proposed sale.

In its complaint, plaintiff asks this court in Count I to enjoin the sale as proposed by defendant and in Count II to award plaintiff damages alleged to have been caused by the mismanagement of the properties by the defendant. The matters presented in Count II are not presently before the court. Only the request for an injunction to halt the sale is presented to the court for decision at this time.

The defendant has utilized the Michigan statutes which permit foreclosure by advertisement in certain limited circumstances in its effort to foreclose and sell the property. M.C.L.A. § 600.3201 et seq.[1] Plaintiff has alleged in its complaint four separate departures from the statutorily mandated procedure, each of which it claims is enough to support an order of this court enjoining the proposed sale.

Paragraphs 8(A) and (B) of the plaintiff's complaint allege that the advertisement placed in the newspaper in accordance with M.C.L.A. § 600.3208 does not include all of the information that is required to be included by M.C.L.A. § 600.3212. The facts relevant to this claim, as deduced from the record, are as follows. The original mortgage involved three separate buildings. This mortgage was recorded on June 7, 1972, in Liber 18087, Page 931, in the office of the Register of Deeds for the County of Wayne, State of Michigan. Subsequently, plaintiff acquired some additional land which it apparently intended to use for parking for the properties covered in the original mortgage. The mortgage was amended to include this additional property, and the entire mortgage, as amended, was recorded in Liber 18122, Page 172, in the Register of Deeds.

For some unexplained reason, there was executed on November 1, 1973, a document entitled "AMENDMENT TO MORT-GAGE", which document appears to have done nothing more than restate the amend-

---

1. Some of the most important sections of the law are as follows:

Sec. 3201. Every mortgage of real estate, containing therein a power of sale, upon default being made in any condition of such mortgage, may be foreclosed by advertisement, in the cases and in the manner hereinafter specified.

Sec. 3204. To entitle any party to give a notice as hereinafter prescribed, and to make such foreclosure, it shall be requisite:

(1) That some default in a condition of such mortgage shall have occurred, by which the power to sell became operative;

(2) That no suit or proceeding shall have been instituted, at law, to recover the debt then remaining secured by such mortgage, or any part thereof; or if any suit or proceeding has been instituted, that the same has been discontinued, or that an execution upon the judgment rendered therein has been returned unsatisfied, in whole or in part; and

(3) That the mortgage containing such power of sale has been duly recorded; and if it shall have been assigned that all the assignments thereof shall have been recorded.

(4) In cases of mortgages given to secure the payment of money by installments, each of the installments mentioned in such mortgage after the first, shall be taken and deemed to be, a separate and independent mortgage, and such mortgage for each of such installments may be foreclosed in the same manner and with the like effect as if such separate mortgages were given for each of such subsequent installments and a redemption of any such sale by the mortgagor shall have the like effect as if the sale for such installments had been made upon an independent prior mortgage.

Sec. 3208. Notice that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, shall be given by publishing the same for 12 successive weeks at least once in each week, in a newspaper published in the county where the premises included in the mortgage and intended to be sold, or some part of them, are situated, if there be one; and if no newspaper be published in such county, then such notice shall be published in a newspaper published in an adjacent county and, in every case within 30 days after the first publication of such notice, a true copy shall be posted in a conspicuous place upon any part of the premises described in such notice.

Sec. 3212. Every such notice shall specify:

(1) The names of the mortgagor and of the mortgagee, and the assignee of the mortgage if any;

(2) The date of the mortgage, and when recorded;

(3) The amount claimed to be due thereon at the date of the notice; and

(4) A description of the mortgaged premises, conforming substantially with that contained in the mortgage; and

(5) In the case of any mortgage executed on or after January 1, 1965, the length of the redemption period as determined under section 3240.

ment that had been effected and recorded in July of 1972.

Plaintiff's claim is that the advertisement published by defendant was deficient in its description of these events. In relevant part, the advertisement stated:

. . . [A] certain mortgage was duly executed between Calvert Associates, a Michigan limited partnership, organized and existing under the laws of Michigan, having its principal place of business at 2631 Woodward Avenue, Detroit, Michigan, Mortgagor, and American Institutional Mortgage Co., a corporation organized and existing under the laws of Texas, Mortgagee, dated the 5th day of June, 1972 and recorded June 7, 1972, in Liber 18087, Page 931, in the Office of the Register of Deeds for the County of Wayne, State of Michigan, and re-recorded July 14, 1972, in Liber 18122, Page 172, in the Office of the Register of Deeds for the County of Wayne, State of Michigan . . .

and then described the four parcels just as they are described in the mortgage and the amendment.

The relevant statutory requirements are that the notice "specify . . . the date of the mortgage, and when recorded; . . . [and] a description of the mortgaged premises, conforming substantially with that contained in the mortgage . . . ." M.C.L.A. § 600.3212(1), (2) and (4).

Obviously, the notice did give the names of the mortgagor and the mortgagee, the date of the original mortgage, the dates of recording of both the original and the amended mortgage, and a full description of the mortgaged properties as included in the original and the amended mortgages. The only thing that is missing is the date of the creation of the amended mortgage, and this is a very minor deficiency which, given the amount of other information that is included, could not cause confusion to anyone who is or might be interested in bidding at or otherwise participating in the auction sale. This is the reason for the notice requirement, and only substantial compliance—that which will prevent the sort of

surprise and unfairness that the section is designed to avoid—is required. *Guardian Depositors' Corporation of Detroit v. Keller,* 286 Mich. 403, 282 N.W. 194 (1938); *Oades v. Standard Savings & Loan Ass'n.,* 257 Mich. 469, 241 N.W. 262 (1932). Additional documents, such as the November 1, 1973, amendment to the mortgage, when their inclusion would add nothing to the substance of the notice, need not be included.

In accordance with the above analysis, this court finds that the claims made in paragraphs 8(A) and 8(B) are not supported by the facts or the law.

In paragraphs 8(C) and 8(D), plaintiff complains that the defendant failed to meet the requirement of M.C.L.A. § 600.3204 that in order to proceed to foreclose by advertisement, there must not have been instituted any suit or proceeding at law to recover any part of the debt then remaining secured by the mortgage.

Plaintiff correctly points out that defendant did file an action against plaintiff in this court which dealt with the property secured by the mortgage. That action, however, was instituted to put the defendant or an independent receiver in possession and control of the property in order that the tenants and the lien holders would be better protected from the further deterioration of the property.

The lawsuit to have a receiver appointed brought by the defendant during the pendency of the advertisements was not a suit brought to recover the debt secured by the mortgage and, therefore, is not a bar to foreclosure by advertisement. M.C.L.A. § 600.3204. The claims in paragraphs 8(C) and 8(D) do not support plaintiff's assertion that the procedures for foreclosure by advertisement have not been properly adhered to.

In paragraph 8(F), plaintiff asserts that there is something improper about the manner in which defendant has gone about adjourning the sale while attempting to reach a "work out" agreement which would eliminate the need for a sale. There are no specific facts alleged in the complaint or

brief in support of this claim and it was not pressed in the oral argument at all, so the court assumes that this claim has been abandoned. If it was not the intention of the plaintiff to abandon this claim, the court finds that it was not supported at all and for that reason must be disregarded.

■ Finally, in paragraph 8(E) of the complaint, plaintiff argues that defendant included a material and prejudicial misstatement in a part of the advertised notice that is statutorily required. M.C.L.A. § 600.3212(5) requires a party seeking foreclosure by advertisement to "specify . . the length of the redemption period as determined under" M.C.L.A. § 600.3240.

The notice published by defendant in this case stated, "Pursuant to federal law there is no post-sale redemption period applicable to this property."

Unlike the other arguments asserted by plaintiff in its attempt to halt the proposed sale, this one does not deal solely with the failure to include something in the advertisement that is required by M.C.L.A. § 600.3212; here, the problem is that the plaintiff asserts that it must be granted a right of redemption under the Michigan statutes while the defendant claims that federal law applies and that it gives no such right.

Michigan law, M.C.L.A. § 600.3240, provides that "in the case of any mortgage executed on or after January 1, 1965 on . . . multi-family residential property in excess of 4 units, the redemption period shall be 6 months from the time of such sale." Defendant claims that a mortgage insured by the federal government under the National Housing Act is not subject to the provisions of Michigan law. Citing *United States v. Stadium Apartments, Inc.*, 425 F.2d 358 (9th Cir. 1970), the defendant further claims that no right of redemption exists in federal law following the foreclosure of a federally insured mortgage.

*Stadium Apartments,* the leading case on the subject, arose out of an attempt by the United States to foreclose on property subject to a mortgage guaranteed by the Fed-

eral Housing Authority. There, the court held that, in a judicial foreclosure proceeding, state law regarding redemption was not applicable.

The court reached its conclusion only after a thorough discussion of congressional, departmental, and judicial consideration of the adoption of state redemption procedures in the factual situation presented. The court found that Congress had not intended for the federal government to be bound by state laws in that situation, and it also found that nothing done by the Department of Housing and Urban Development indicated a decision on its part to adopt the state laws. In its decision, the *Stadium Apartments* court indicated that under the facts of that case where there has been no congressional or departmental adoption of state law, the district court should balance the state and federal policies before deciding whether to enforce the state-created rights against the federal government.

This court believes that the path taken by the *Stadium Apartments* court in its analysis of the problem was a good one; therefore, this court must look at the actions of Congress and of the Department of Housing and Urban Development and perhaps make a value judgment of its own based on a balancing of the competing policies.

First of all, it is clear that the congressional actions are the same here as they were in *Stadium Apartments.* Nothing indicates an intent to adopt state law in all cases.

As for the court's obligation to balance the competing policies, the *Stadium Apartments* case and this one are different: *Stadium Apartments* was a judicial foreclosure proceeding where the Department of Housing and Urban Development sought the help of the court, through its equity powers, to foreclose a mortgage, while this case evolved out of efforts by the department to seek assistance through certain specific procedures authorized by the Michigan legislature—foreclosure by advertisement. In a judicial foreclosure, the court must decide whether or not to allow the sale to go on as planned by the petitioning party, and in

doing so, it must, as the *Stadium Apartments* court said, balance the conflicting state and federal policies. In this case, the court was never asked to approve a sale; the foreclosure proceedings have been by advertisement under procedures established by Michigan law. While the court in a judicial foreclosure can exercise its discretion to allow or not allow a sale, and can, in doing so, consider the equities on both sides, this court can only determine whether the proposed foreclosure by advertisement has been properly pursued.

In *Stadium Apartments,* the department adopted some state procedures in connection with its attempted judicial foreclosure through the use of federal equity jurisdiction, but the court held that the actions of the department did not go to the extent of adopting all of the incidents of foreclosure under state substantive law. In this case, the department chose to initiate foreclosure proceedings under the Michigan statutes granting power to foreclose by advertisement. In doing this, the department not only used state procedures, but also based its action on the power granted by the state to permit foreclosure by advertisement in certain circumstances.

In *Stadium Apartments,* the department used state *procedures,* but it used the *power* of the federal equity court to sanction the foreclosure sale. Here, the department used both the procedures and the powers of the state. By these actions, the department chose to adopt state law. When the state scheme is fully adopted as it has been in this case, the procedural baggage, which in this situation includes the right of redemption, is adopted as well.

While this decision is not at all inconsistent with *Stadium Apartments* because of the difference between judicial foreclosure and foreclosure by advertisement, this court believes that the ruling in that case should not be extended beyond its particular facts. It should be noted that the same court that decided *Stadium Apartments* has cast doubt upon its continued vitality. *United States v. MacKenzie,* 510 F.2d 39 (9th Cir. 1975); *United States v. Haddon Haciendas Co.,* 541 F.2d 777 (9th Cir. 1976).

This decision is also not inconsistent with that of the Court of Claims in *Oglethorpe Co. v. United States,* 558 F.2d 590 (1977). That case presented a situation in which a full application of state law would have caused the Department of Housing and Urban Development to incur liability over and above that authorized by federal law. In this case, no such liability, either real or potential, is involved.

■ In light of the above, it is clear that there is a right of redemption in this case. However, the court must determine what effect, if any, this ruling has on the pending foreclosure proceedings. As has been pointed out in the briefs and argument, there may well be fewer people who would be willing to purchase a certain piece of property subject to a right of redemption than there would be for the same piece of property if it were sold unencumbered. Therefore, it seems to this court that anyone who would be interested in buying the property subject to a right of redemption would be even more interested in the same property if such a right did not exist. This means that given the advertisements that have been published with the incorrect statement regarding redemption rights, all those buyers who would be interested in buying the property subject to the right of redemption would appear. This being the case, the court finds that the plaintiff will not be prejudiced if the sale is permitted to be held as scheduled but with the right of redemption as provided by state law in existence and made clear to those present at the auction.

Because the plaintiff will not be prejudiced by the minor deficiency in the published notice, the court finds that there has been substantial compliance with the requirements of M.C.L.A. § 600.3212. *Guardian Depositors' Corporation of Detroit v. Keller, supra* ; *Oades v. Standard Savings & Loan Ass'n., supra.*

For these reasons, the court finds that paragraph 8(E) of plaintiff's complaint does not state a compelling enough reason for the injunctive relief that plaintiff desires.

For all of the above reasons, then, it is ordered that plaintiff's motion for an injunction to prevent the sale of the property as described in the advertisement is denied so long as any sale that does take place is made subject to the rights that plaintiff has to redeem under M.C.L.A. § 600.3240. A sale under any other conditions is hereby enjoined. In addition, defendant's motion to dismiss or in the alternative for summary judgment is denied on the record as it now stands.

So ordered.