**UNITED STATES of America,
Plaintiff,**

v.

**George E. MILLER and Pearl Miller,
Defendants.**

**Civ. A. No. W–3831.**

United States District Court
D. Kansas.

Dec. 6, 1967.

Bernard Borst, Asst. U. S. Atty., Wichita, Kan., for plaintiff.

Smith & Burnett, Larned, Kan., David G. Arst, Wichita, Kan., for defendants.

MEMORANDUM OF DECISION

THEIS, District Judge.

This is an action to recover the balance on two promissory notes. The defendants Miller admit the execution of the notes and receipt of value, but plead the Kansas statute of limitations as a defense. The Court finds, as a preliminary matter, that it has jurisdiction of the subject matter and the parties to the action.

The facts are not disputed and may be briefly stated. On May 15, 1933 and September 15, 1933, the defendants George E. Miller and Pearl Miller executed and delivered to the Secretary of Agriculture, acting pursuant to the Act of Congress approved January 22, 1932, creating the Reconstruction Finance Corporation and the Act of Congress approved February 4, 1933, two promissory notes upon which $200.00 was advanced on each note. The first note was made payable on or before October 31, 1933. There have been no payments made on this indebtedness. The second note was made payable on or before August 31, 1934. There has been paid on this note the sum of $145.00, of which amount $141.50 was applied to principal and $3.50 applied to interest, leaving an unpaid balance on the principal of $58.50 from the due date.

The sole question before this Court on cross motions for summary judgment is whether a state statute of limitations may be utilized to bar this action by the United States.

■ At common law the operation of the statute of limitations was one of judicial exigency. However, the rule of *nullum tempus occurrit regi*—the statute of limitations does not run against the sovereign—is a well-settled rule of law. United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940). Its survival in this country is partially attributable to the policy that the public interest should not be prejudiced by the negligence of a public official. United States v. Nashville, C. & S. L. Ry., 188 U.S. 120, 6 S.Ct. 1006, 30 L.Ed. 81 (1886); United States v. Thompson, 98 U.S. 486, 25 L.Ed. 194 (1878).

This Court is urged to hold that when the United States seeks to enforce a right acquired from the Reconstruction Finance Corporation it must submit to the same laws that govern other suitors. This Court does not so hold.

The Reconstruction Finance Corporation was created a body corporate by an Act of Congress known as the "Reconstruction Finance Corporation Act," approved January 22, 1932, 47 U.S.Stat., Ch. 8, pages 5–12; 15 U.S.C.A. § 601 et seq. Its purpose was to serve through a vast and liberal lending program the rehabilitation of finance, industry, and commerce. The Act specifically provided in Section 2 that some fifty million dollars of the total amount of five hundred million dollars subscribed to the Reconstruction Finance Corporation by the Treasury of the United States, was to be allocated and made available to the Secretary of Agriculture, which sum was to be expended by the Secretary for the purpose of making loans or advances in the national interest to farmers in cases where he found that an emergency existed. It is this section of the Act with which we are concerned. Subsequent legislation was enacted by Congress and approved on February 4, 1933, which provided that the Secretary was thereby authorized and directed to request the Reconstruction Finance Corporation to advance him the balance of the sum authorized to be allocated to him under Section 2 of the initial Act.

It is printed on both notes that George E. Miller and Pearl Miller promise to repay the loan to the Secretary of Agriculture and that the notes were given as security for loans made by the Secretary of Agriculture.

■■ The United States, in making loans to farmers through the Secretary of Agriculture pursuant to a joint resolution of Congress appropriating funds for the relief of farmers in drought and storm-stricken areas, acted in a purely governmental and sovereign capacity, and is not barred from recovering on notes given for such loans by state statutes of limitation. See United States v. Swanson, 75 F.Supp. 118, (D.C.Neb.1947); Person v. United States, 6 Cir., 112 F.2d 1, cert. den. 311 U.S. 672, 61 S.Ct. 35, 85 L.Ed. 432.

The Reconstruction Finance Corporation is not a party to this suit and the United States is enforcing its own rights independently of any involvement that the Reconstruction Finance Corporation may have indirectly in the existence of this debt as the source of the funds. Without question, the funds derived from the taxpayers of the United States through the government treasury.

■ Since the funds herein involved were passed and separated from the Reconstruction Finance Corporation, it is not specifically necessary to decide whether the statute of limitations would run against it, although as a governmental corporation or instrumentality, the same exemption of federal action from state limitation would apply. See United States v. 93 Court Corporations, 350 F.2d 386 (2 Cir., 1965).

Aside from and towering over all other bases for decision, is the bulwark of Article VI of the United States Constitution, which makes the federal constitution, laws and treaties "the supreme Law of the Land."

It is therefore ordered that the motion of the plaintiff for summary judgment be granted and sustained, and a similar motion of the defendants be overruled. Judgment is entered for the plaintiff

Government against the defendants, and each of them, in the amount of $200.00 on the promissory note of May 15, 1933, with interest thereon at the rate of 5½% per annum from October 31, 1933; and for the amount of $58.50, the balance of the principal due on the promissory note of September 15, 1933, with interest at the rate of 5½% per annum from August 31, 1934; and for the costs of this action.