604 F.Supp. 865 (1985)
UNITED STATES of America, Plaintiff,
v.
CHILDREN'S SHELTER, INC., an Oklahoma corporation; the Estate of W.H. Pat O'Bryan, Sr.; W.H. O'Bryan, Jr., individually and as the Personal Representative of the Estate of W.H. Pat O'Bryan, Sr.; Donald L. O'Bryan, individually and as the Personal Representative of the Estate of W.H. Pat O'Bryan, Sr.; Patricia Pearl O'Bryan Etherton; the Estate of Virginia Harper O'Bryan; Donald A. Harper, Personal Representative of the Estate of Virginia Harper O'Bryan; and Teresa K. Etherton Goff, Defendants.
No. CIV-84-1369-W.
United States District Court, W.D. Oklahoma.
January 7, 1985.
Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., William S. Price, U.S. Atty., Richard Freeman, Roger Stuart, Sp. Asst. U.S. Attys., Oklahoma City, Okl., for plaintiff.
Robert J. Turner, Richard J. Goralewicz, Turner, Turner, Green & Braun, Jack G. Bush, Gary R. Underwood, Bush, Underwood & West, Oklahoma City, Okl., for defendants.

ORDER
LEE R. WEST, District Judge.
This matter comes before the Court on the Motion to Dismiss or Strike and the Motion to Make More Definite and Certain *866 of the defendants, the Estate of Virginia Harper O'Bryan, deceased, and Donald A. Harper, Personal Representative of the Estate of Virginia Harper O'Bryan. The plaintiff, the United States, has responded in opposition to the motions and based upon the parties' submissions and the allegations in the complaint, the Court makes the following determination.
This action is brought against these defendants pursuant to the False Claims Act, 31 U.S.C. §§ 3729-3731, and pursuant to common law to recover certain damages. The plaintiff in its first three causes of action seeks recovery for alleged fraud, payment by mistake and unjust enrichment. In Count 7, the plaintiff seeks an equitable accounting of the proceeds received by the defendants due to the allegedly false drug claims they submitted.
The defendants have challenged Counts 1, 2 and 3 for failure to state a claim against Virginia Harper O'Bryan upon which relief can be granted. The defendants have argued that no allegations against Mrs. O'Bryan are set forth in these counts except by incorporation of general allegations that she is an officer, director and stockholder of the defendant Children's Shelter, Inc., and that she is the surviving spouse of W.H. Pat O'Bryan, Sr. The defendants have argued that nominal officers such as Mrs. O'Bryan are not liable for damages under section 3729 merely by virtue of their status or merely because they knew that their company was attempting to receive benefits to which it was not entitled. In this connection the defendants have relied upon United States v. American Precision Products Corporation, 115 F.Supp. 823 (D.N.J.1953), and on Woodbury v. United States, 232 F.Supp. 49 (D.Ore.1964), aff'd in part, rev'd on other grounds, 359 F.2d 370 (9th Cir.1966), and United States v. Aerodex, Inc., 469 F.2d 1003 (5th Cir.1972), in support of their argument that in order to allege a cause of action under this statutory section the plaintiff must allege proof of specific intent and that in the instant case such allegation is lacking.
In Aerodex, the United States Court of Appeals for the Fifth Circuit recognized that there was a split among the circuit courts regarding the requirement of specific intent and whether to prove a "violation of the False Claims Act the evidence must demonstrate `guilty knowledge of a purpose on the part of [the defendant] to cheat the Government,' or `knowledge or guilty intent.'" Id. at 1007 (quoting United States v. Priola, 272 F.2d 589, 594 (5th Cir.1959); United States v. Ridglea State Bank, 357 F.2d 495, 498 (5th Cir.1966). See Annot., A.L.R.Fed. 307 (1976 & 1984 Supp.).
The Fifth Circuit also recognized however that the United States Court of Appeals for the Tenth Circuit had reached a result contrary to its decision concerning this issue in Fleming v. United States, 336 F.2d 475 (10th Cir.1964). Accord, United States v. Hughes, 585 F.2d 284 (7th Cir. 1978); United States v. Cooperative Grain & Supply Co., 476 F.2d 47 (8th Cir.1973). This Court also recognizes the differing conclusions reached by the appellate courts but is bound to follow the Tenth Circuit's holding in Fleming.
Thus allegations of specific intent are unnecessary and in reviewing the plaintiff's allegations in Counts 1, 2, and 3 and in finding that said counts incorporate by reference the allegations that all defendants, including Mrs. O'Bryan, participated in the alleged fraud by preparing and submitting the allegedly false drug claims and that said allegations seek to attach liability to Mrs. O'Bryan due to her role as an active participant and not a nominal corporate officer, the Court concludes that such allegations are sufficient at this stage to survive the defendant's challenge.
The defendants have also argued that the plaintiff has failed to set forth its allegations of fraud or conspiracy to defraud with sufficient particularity as required by Rule 9, Fed.R.Civ.P. The defendants have challenged specifically the alleged absence of allegations demonstrating that Mrs. O'Bryan personally participated in any *867 fraudulent activities or conspiracy to defraud.
The plaintiff has responded in opposition to this argument and upon reviewing the requirements of Rule 9 which must be read in conjunction with Rule 8, Fed.R. Civ.P., and the allegations in the complaint, the Court finds that plaintiff's allegations are sufficiently specific as to the participation of all defendants including Mrs. O'Bryan in the alleged fraudulent activities and conspiracy to defraud.
The defendants have challenged also Counts 5, 6, and 7 on the grounds that the causes of action alleged therein are barred by the applicable statutes of limitations, 12 O.S. §§ 95 Second and 95 Third. It is well established however that this plaintiff is not barred by state statutes of limitations and thus the statutory sections upon which the defendants have relied are inapplicable to the instant proceeding. Chevron, U.S.C., Inc. v. United States, 705 F.2d 1487 (9th Cir.1983) (citing United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940); United States v. Weintraub, 613 F.2d 612 (6th Cir.1979)); Roberts v. Morton, 549 F.2d 158 (10th Cir.1977).
The defendants have argued further that these counts, 5, 6, and 7, are cumulative and redundant and should be stricken from the lawsuit. The Court finds that such counts allege separate and distinct grounds for recovery and are neither redundant nor cumulative.
The Court finds in consideration of the defendants' alternative motion that their request for a more definite statement of the plaintiff's allegations is without merit in light of the specificity contained in the complaint as a whole and in particular since defendants have answered in this action. Accordingly, the Court finds that the defendants' Motion to Dismiss or Strike and Motion to Make More Definite and Certain are DENIED.