**UNITED STATES of America, Plaintiff,**

v.

**M.L. McREYNOLDS, Defendant.**

**No. EC 84–264–LS–D.**

United States District Court,
N.D. Mississippi, E.D.

Jan. 24, 1986.

Robert Q. Whitwell, U.S. Atty., Patricia D. Rogers, Asst. U.S. Atty., Oxford, Miss., for plaintiff.

H.J. Davidson, Jr., Carter & Davidson, Columbus, Miss., for defendant.

MEMORANDUM OPINION GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SENTER, Chief Judge.

I. *Introduction.*

The United States commenced this action on July 21, 1984, for and on behalf of the Small Business Administration (SBA) against defendant to collect an amount due

on a loan, now in default, which had been assigned to the SBA by the original lender. For the reasons stated hereinbelow, the court is of the opinion that there are no genuine issues of material fact, that plaintiff is entitled to judgment as a matter of law, and that defendant's motion for summary judgment should be denied.

## II. *The Facts.*

On March 27, 1981, defendant signed, executed, and delivered a promissory note[1] for the original principal amount of $300,-000.00 payable to the order of the National Bank of Commerce of Mississippi, a Mississippi banking corporation domiciled and having its principal place of business in Starkville, Mississippi. This was an installment note to be paid over a period of fifteen years, with interest to accrue at the rate of 12% per annum for the first three months and then subject to quarterly adjustments, upward or downward, as of January 1, April 1, July 1, and October 1 each year, to a rate of 2½% over the New York prime rate as reported by *The American Banker*, but not in excess of the maximum allowed by law. The monthly installments of $4,103.00 were to be applied first to interest accrued to date of receipt of the installment, and the balance, if any, to principal. The note also contained a provision which stated that if the borrower defaulted in payment due on the indebtedness and the SBA subsequently purchased the indebtedness, the rate of interest on both the guaranteed and unguaranteed portions would become fixed at the rate in effect as of the date of the default. In conjunction with the execution of the note and as security therefor, McReynolds and Daniel, d/b/a Sureway Supermarket, executed and delivered a deed of trust on the Sureway property to a trustee for the use and benefit of the National Bank of Commerce.

Shortly after execution of the note and deed of trust, default occurred, and on November 12, 1981, the note and deed of trust were assigned to the SBA. A substituted trustee was appointed four months later, and foreclosure proceedings were begun. On May 25, 1982, the substituted trustee conveyed by warranty deed the property after proper foreclosure proceedings had been completed. The United States initiated this suit to collect the deficiency on July 21, 1984, over two years after the foreclosure proceedings had been completed. Each party has moved for summary judgment in its favor, each claiming that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

## III. *The Contentions of the Parties.*

In support of its motion, plaintiff alleges that the action was timely brought pursuant to the six-year statute of limitations codified at 28 U.S.C. § 2415(a) (Supp.1985), which provides the time limit for commencing actions by the United States in actions for money damages founded upon any contract. Plaintiff further alleges that there remains due and owing the principal amount of $221,520.38, plus interest accrued through May 31, 1985, in the amount of $114,814.76, and, thereafter, interest at the contractual rate of 22½% per annum, or $136.55 per day.[2]

In his response to plaintiff's motion and in his cross-motion for summary judgment, defendant asserts that the statute of limitations provided by Miss.Code Ann. § 15-1-23 (1972), and not by 28 U.S.C. § 2415(a) (Supp.1985), is applicable to this action. That state statute requires that any action on an installment note secured by a deed of trust be commenced within one year from the date of the foreclosure or sale of the

---

**1.** Both Defendant McReynolds and John H. Daniel signed the note, becoming jointly and severally liable for the debt. This action was brought only against McReynolds.

**2.** The amounts due were submitted by John E. Lagos, Director of the Office of Accounting Operations, Office of the Comptroller, SBA. In

that capacity, Lagos has direct supervision and custody of the official financial records of the SBA. Plaintiff attached to its motion a certificate of indebtedness signed by Lagos and certifying the amount of indebtedness on the loan in issue.

property pledged as security for the note. Defendant argues that since foreclosure proceedings were brought and concluded on May 25, 1982, and suit was not brought by the United States until July 23, 1984, two years after the foreclosure proceedings had been completed, then this suit is barred by Mississippi's one-year statute of limitations. In the alternative, defendant contends that the rate of interest fixed as of the date of default (22½%), pursuant to the terms of the note, is in excess of the maximum rate allowed by law and is, therefore, usurious. Accordingly, he argues, the entire amount of principal and interest should be forfeited or, at least, all payments made toward interest since 1981 should be applied exclusively to the principal, and the interest should be forfeited.

## IV. *Discussion.*

### A. Statute of Limitations.

■ Defendant argues, in effect, that state law preempts federal law. He contends that Mississippi's one-year statute of limitations applies instead of the six-year limitations period provided in 28 U.S.C. § 2415(a) (Supp.1985). This argument is meritless and must fail.

The pertinent provision of 28 U.S.C. § 2415(a) (Supp.1985), entitled "Time for Commencing Actions Brought by the United States," provides that "every action for money damages brought by the United States ... which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues...." 28 U.S.C. § 2415(a) (Supp. 1985).

■ The Small Business Act, 15 U.S.C. § 631, *et. seq.*, which created the Small Business Administration, imposes no statute of limitations upon that organization. The legislative history of 28 U.S.C. § 2415(a) declares the purpose of the Act to be the establishment of limitations on contract actions brought by the United States. *See* 1966 U.S.Code Cong. & Admin. News, pp. 2502–14. Accordingly, the action *sub judice* is controlled by the federal six-year limitations period. This result is consistent with the long settled rule that the United States is not subject to local statutes of limitations in enforcing its rights unless it has consented to the application of those statutes. *See United States v. John Hancock Mut. Ins. Co.,* 364 U.S. 301, 308, 81 S.Ct. 1, 5, 5 L.Ed.2d 1 (1960); *United States v. Summerlin,* 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940); *United States v. Kellum,* 523 F.2d 1284, 1286 (5th Cir.1975) (action brought to collect unpaid balance of loan from SBA); *United States v. Kurtz,* 525 F.Supp. 734, 740–41 (E.D.Pa.1981), *aff'd without opinion,* 688 F.2d 827 (3rd Cir. 1982) (same). Congressional intent to waive governmental immunity from state statutes of limitation must be clearly manifested. *Kellum,* 523 F.2d at 1286. There is no such waiver in the action *sub judice.*[3] Accordingly, the federal six-year limitations period, and not Mississippi's one-year proscriptive period, applies in this action, and plaintiff is not time-barred.

---

3. Of course, § 2415(a) does not apply to a cause of action until the federal government has been assigned the right to sue. That occurred on November 12, 1981, here. Where the government acquires a derivative claim, as by assignment, and that claim is not then time barred by the state statute of limitations, the state statute ceases to run against the government at the time of such acquisition. *United States v. Sellers,* 487 F.2d 1268, 1269 (5th Cir.1974) (citations omitted). Here, the government acquired the claim well within the state statute of limitations: default occurred on June 27, 1981, and the SBA was assigned the note on November 12, 1981.

Section 2415(a) requires the six-year statute of limitations to begin running at the time the right of action "accrues." Since the note was executed on March 27, 1981, and default occurred shortly thereafter, both well within the six-year limitations period, the court need not address, and the parties did not raise, the issue of precisely when the right of action accrued. *See United States v. Cardinal,* 452 F.Supp. 542, 544–48 (D.Vt.1978) (determining when cause of action accrued under § 2415(a) in action by FHA to recover on promissory note which had been defaulted upon).

## B. Rate of Interest.

Defendant asserts that the maximum rate of interest that could have been charged on this loan was 19% per annum, the sum of 14%, the Federal Reserve discount rate in effect on June 27, 1981, the date of default, and 5%, the contractual rate of interest permitted to be charged in excess of the discount rate. He asserts that the rate charged by defendant and its assignor bank, 22½% per annum, is 3½% in excess of the maximum rate allowed by law and is, therefore, usurious. Accordingly, he argues, the entire amount of principal and interest should be forfeited, or at least all payments made towards interest since 1981 should be applied solely toward the principal and the interest should be forfeited.

■ Plaintiff argues that the maximum rate of interest allowed by law at the time in issue was 23% per annum, calculated by adding the 14% discount rate, the 5% permitted in excess of the discount rate, plus a surcharge of 4%.[4] Since the rate charged was 22½% per annum, a half-point below the maximum permitted by law, plaintiff contends that the rate was not usurious. The court finds that plaintiff's argument is supported by the law and that defendant's contentions are meritless.

The dispute of the amount of the maximum allowable rate centers around whether a surcharge on the loan is permissible. If it is, then the maximum rate of interest permitted by law would be 23% per annum (14% plus 5% plus 4%). If it is not permissible, then the maximum rate of interest is 19% per annum (14% plus 5%), and the rate charged by the lender (22½%) is in excess of the legally allowable rate.

Section 86a of Title 12 of the United States Code, entitled "Interest on business and agricultural loans of $1,000 or more," permits a lender on such a loan to "take, receive, reserve, and charge on any such loan, interest at a rate of not more than 5 per centum in excess of the discount rate, *including any surcharge thereon....*" 12 U.S.C. § 86a (Supp.1985) (emphasis added). In support of its argument, plaintiff attached the affidavit of Joel Crews Clements, Executive Vice President of the National Bank of Commerce of Mississippi, who is responsible for credit administration. The affiant stated that a 4% surcharge is permitted on loans of this kind, and that the maximum legal rate that could have been charged was 23%, the sum of the 14% discount rate, the 4% surcharge, and the 5% permitted over the discount rate. Incorporated into his affidavit was a copy of the bank's loan rates in effect at the time in question. Defendant submitted the affidavit of Joan P. Cronin, Vice President and Deputy General Counsel of the Federal Reserve Bank of St. Louis, in support of his motion. However, the interest rate schedule attached thereto as an exhibit shows that the discount rate was 14% per annum and that a surcharge of four percentage points was applicable. Furthermore, a memorandum from the president of the Federal Reserve Bank of St. Louis to its district financial institutions expressly states that a surcharge of four percentage points will apply to certain borrowings. Defendant's Ex. E to Response. It is undisputed that the borrowing in issue falls into this category. Accordingly, even defendant's affidavit and supporting memoranda support plaintiff's position that the maximum allowable rate of interest was 23% per annum at the time in issue. Consequently, subsection (c) of section 86a, which provides the penalties for charging a rate in excess of § 86a(a), is not applicable since the rate did not exceed the legally allowable rate.

A grant of summary judgment is appropriate only where it appears from the record, considered in the light most favorable to the party opposing the motion, that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Galindo v. Precision American*

---

4. The surcharge is the charge made by the Federal Reserve Bank to institutions borrowing therefrom. Affidavit of Joel Crews Clements, Executive Vice President of NBC of Mississippi.

*Corp.*, 754 F.2d 1212, 1216 (5th Cir.1985). Rule 56(c) permits summary judgment only when the underlying facts are undisputed and the record reveals no evidence from which reasonable persons might draw conflicting inferences about those facts. *Richoux v. Armstrong Cork Corp.*, 777 F.2d 296, 297 (5th Cir.1985); *Prinzi v. Keydril Co.*, 738 F.2d 707, 709 (5th Cir.1984).

The underlying facts in the action *sub judice* are not in dispute. The only disputes herein involve the appropriate statute of limitations and interest rate, both issues of law which may be resolved by the court. Although the court is, well aware that summary judgment must be granted with care, we are also aware that "in cases where there is no genuine issue of fact it is appropriate, indeed demanded, by the Federal Rules of Civil Procedure and the efficient administration of justice." *Rayborn v. Miss. State Bd. of Dental Examiners*, 776 F.2d 530, 531 (5th Cir.1985).

The court is of the opinion that the federal six-year statute of limitations is applicable to the action *sub judice.* Since plaintiff brought this action well within that six-year period, this suit is not time-barred. Furthermore, the maximum rate of interest allowable by law at the time in issue was 23% per annum, the sum of the 14% discount rate, the 4% surcharge, and the 5% rate contractually allowed over the discount rate. Since the rate charged defendant was 22½% per annum, defendant was not charged a rate in excess of that allowed by law. The court is, therefore, of the opinion that plaintiff's motion for summary judgment should be granted and that defendant's motion for summary judgment should be denied. Judgment is to be entered against defendant in the amount of $221,520.38 in principal, plus interest accrued through November 26, 1985, in the amount of $139,257.21, and thereafter at the contractual rate of 22½% per annum or $136.55 per day.

An order in conformance with this opinion shall this day issue.