**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**M.L. McREYNOLDS,**
**Defendant-Appellant.**

**No. 86-4367**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 23, 1986.

H.J. Davidson, Jr., Carter & Davidson, Columbus, Miss., for defendant-appellant.

E. Roy Hawkens, Atty., Civ. Div., Appellate Section, Dept. of Justice, Robert S. Greenspan, Atty., Washington, D.C., Glen H. Davidson, U.S. Atty., Patricia D. Rogers, Asst. U.S. Atty., Robert Q. Whitwell, U.S. Atty., Oxford, Miss., William E. Chapman, III, Dist. Atty., Jackson, Miss., for plaintiff-appellee.

Before RUBIN, RANDALL, and HIGGINBOTHAM, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The United States seeks to collect the balance due on a Small Business Administration Loan. The district court correctly held that the applicable statute of limitations is fixed by federal, not state law; the interest rate was not usurious; and the facts concerning the rate of interest and its legitimacy were properly procured. Accordingly, we affirm.

## I.

M.L. McReynolds borrowed $300,000 from the National Bank of Commerce of Mississippi in March 1981, and the Small Business Administration (SBA) guaranteed the loan. McReynolds signed a note requiring monthly payments for 15 years, with annual interest rates of 12% for the first quarter, and thereafter adjusted quarterly to equal the New York prime rate, as reported in the *American Banker*, plus 2½ %, but not in excess of the maximum allowed by law. The note further provided that, if McReynolds defaulted and the SBA purchased the note, the interest rate would become fixed at the rate in effect on the date of default. As security, McReynolds executed a deed of trust on some commercial real estate.

McReynolds defaulted in June 1981. In November, the bank assigned the note and deed of trust to the SBA. On the date of default, the interest rate was 22.5%. The security was sold at a foreclosure sale in May 1982, and after the proceeds were credited to McReynolds' debt, more than $200,000 was still due.

In July 1984, the United States sued to collect the deficiency in principal plus interest at the rate of 22.5% per annum. Both parties moved for summary judgment, and the district court granted the United States' motion in January 1986, 628 F.Supp. 76. McReynolds moved for relief from the judgment pursuant to Fed.R.Civ.P. 60(b), contending that: (1) he did not have an opportunity to submit all relevant evidence or contest evidence submitted by the Unit-

ed States; (2) the Mississippi one-year statute of limitations barred the action; and (3) the court had allowed the SBA to charge excessive interest. The district court denied the Rule 60(b) motion on March 31, 1986.

## II.

■■■ McReynolds' notice of appeal, filed on May 27, 1986, from the district court's January 1986 judgment was untimely.[1] His notice of appeal was timely only with regard to the denial of his Rule 60(b) motion. The district court's denial of that motion, however, is reviewable only for abuse of discretion.[2] The district court did not abuse its discretion in denying that motion, because McReynolds presented no new evidence or arguments warranting judicial relief from the final judgment.

## III.

Even if the notice of appeal had been timely filed, we could not conclude that the district court erred in applying the six-year statute of limitations described by 28 U.S.C. § 2415. The relevant part of that statute, fully set forth in the footnote,[3] unambiguously states that *"every* action for money damages brought by the United States ... which is founded upon *any* contract" must be brought within six years of the accrual of the cause of action. (Emphasis added.) This action is founded upon a contract and fits the language and intent of § 2415.

■■■ Congress deliberately used embracive language in § 2415, because it intended to establish a single limitation period for all contract actions brought by the United States.[4] McReynolds' argument that the Mississippi limitations statute should displace federal law is patently inconsistent with Congressional intent and must, therefore, be rejected.[5] In enforcing its rights the United States is not bound by state statutes of limitations unless it has consented to the application of those statutes.[6] The fact that a state has fashioned a special statute of limitations that would have been appropriate had the action been brought by a private party is simply irrelevant,[7] as we held in *United States v. Kellum.*[8]

McReynolds also contends that the district court erred in determining the maximum interest rate allowed by law and in determining that rate in the absence of evidence. Neither contention is correct. The applicable statute, 12 U.S.C. § 86a(a), establishes a usury ceiling on business loans of $1,000 or more, but permits a lender to charge interest at a rate of "not more than 5 per centum in excess of the discount rate, including any surcharge thereon, on ninety-day commercial paper in

1. Fed.R.App.P. 4(a).

2. *Browder v. Director, Department of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978).

3. [E]xcept as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues.... 28 U.S.C. § 2415(a) (1986).

4. *See* S.Rep. No. 1328, 89th Cong., 2d Sess., *reprinted in* 1966 U.S.Code Cong. & Admin. News 2502, 2502–14.

5. *United States v. Kellum,* 523 F.2d 1284, 1286 (5th Cir.1975); *United States v. Kurtz,* 525 F.Supp. 734, 739–41 (E.D.Pa.1981), *aff'd mem.,*

688 F.2d 827 (3d Cir.), *cert. denied,* 459 U.S. 991, 103 S.Ct. 347, 74 L.Ed.2d 387 (1982).

6. *United States v. John Hancock Mut. Life Ins. Co.,* 364 U.S. 301, 308, 81 S.Ct. 1, 6, 5 L.Ed.2d 1 (1960); *United States v. Summerlin,* 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940); *United States v. Kellum,* 523 F.2d at 1286; *United States v. Kurtz,* 525 F.Supp. at 740–41.

7. *See United States v. John Hancock Mut. Life Ins. Co.,* 364 U.S. at 308, 81 S.Ct. at 6; *United States v. Parker House Sausage Co.,* 344 F.2d 787, 788 (6th Cir.1965); *United States v. Kurtz,* 525 F.Supp. at 739–40; *see also* 3 C. Sands, Statutes and Statutory Construction 63–69 (4th ed. 1974).

8. 523 F.2d 1284; *see also United States v. Sellers,* 487 F.2d 1268 (5th Cir.1973).

effect at the Federal Reserve bank...." The United States offered testimonial evidence sufficient to show that the rate was within that limit.

For these reasons, the judgment is AFFIRMED.