UNITED STATES of America,
Plaintiff–Appellee,

v.

Hector L. WESTERBAND–GARCIA,
aka Hector L. Westerband,
Defendant–Appellant.

No. 93–55340.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted August 1, 1994.

Decided Sept. 9, 1994.

As Amended on Denial of Rehearing and Rejection of Suggestion for Rehearing En Banc Dec. 6, 1994.

Gregory M. Hultgren, Thousand Oaks, CA, for defendant-appellant.

Sara R. Robinson, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: O'SCANNLAIN and T.G. NELSON, Circuit Judges; MERHIGE, Jr.,* District Judge.

* The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

O'SCANNLAIN, Circuit Judge:

We must decide whether the government is barred by a statute of limitations from bringing an action to recover damages from a defaulting scholarship recipient.

I

In 1979, Hector Westerband–Garcia signed an agreement to participate in the National Health Service Corps ("NHSC") Scholarship Program. As a NHSC Scholarship recipient, he received money from the United States to pay for medical school and in return agreed to serve as a doctor in a hospital designated by the government. He received $13,253 under this agreement.

Westerband–Garcia graduated from medical school in December 1982. The NHSC Scholarship Program required him to apply for a deferment of his scholarship service and to complete at least one year of approved graduate training. 42 C.F.R. § 62.9(b). Failure to apply for the deferment would result in a breach of the scholarship contract. *Id.* Westerband–Garcia failed to complete the deferment form. In a letter dated September 30, 1983, the government informed him that he was in default of the contract and was obligated to pay damages within one year. However, that letter did not provide Westerband–Garcia with a specific debt calculation as to the amount of damages he owed or a precise due date. Due to administrative delay, Westerband–Garcia did not receive that information until January 1984. Rather than penalize Westerband–Garcia for the administrative delay, the Secretary elected to extend the repayment period to give Westerband–Garcia one full year from the actual notification of the debt amount. Consequently, in a January 4, 1984 letter, the government informed Westerband–Garcia that he had until January 5, 1985 to make the payment. Westerband–Garcia did not make any part of the payment and did not respond to the letter.

The government filed its first complaint for breach of contract in June 1989. This complaint was dismissed without prejudice in July 1990, pursuant to a stipulation for dismissal between the parties. The government filed its second complaint on January 2, 1991, which was dismissed without prejudice on March 2, 1992, for failure timely to effect issuance and service of process. The third complaint was filed on March 4, 1992. The district court eventually denied Westerband–Garcia's motion for summary judgment, concluding that no statute of limitations barred the action, and granted judgment in favor of the government. Westerband–Garcia now appeals.

II

Westerband–Garcia argues that the statute of limitations provision in 28 U.S.C. § 2415(a) bars the government's action to collect damages from his default on the scholarship agreement. Section 2415(a) provides that "every action for money damages brought by the United States ... which is founded upon any contract expressed or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues." 28 U.S.C. § 2415(a). The government counters that since the scholarship agreement is not a contract but part of a statutory scheme, section 2415(a) is inapplicable.[1]

▮▮▮ We reject the government's understanding of the NHSC scholarship agreement as noncontractual. Throughout the statute establishing the National Health Service Corps Scholarship Program, 42 U.S.C. § 254*l*, Congress described the agreement between the scholarship recipient and government as a "contract." This plain language indicates that Congress intended the NHSC scholarship agreement to be a contract. *Sacramento Regional County Sanitation Dist. v. Reilly*, 905 F.2d 1262, 1268 (9th Cir.1990) (plain meaning of language controls

---

1. At least one federal court has expressly applied § 2415(a) to an action by the United States seeking repayment of NHSC scholarship funds. *See* *United States v. Avila*, 687 F.Supp. 778, 783 (W.D.N.Y.1988).

statutory interpretation "since there is a strong presumption that Congress expresses its intent through the language it chooses") (quotation omitted). Further, the agreement the scholarship recipient signs is labeled a contract. The fact that the parties do not bargain for the terms of the agreement, but must take the terms as set forth in 42 U.S.C. § 254*l*, does not mean that the agreement is not a contract. The statute alone does not subject a recipient to the duties and obligations in section 254*l*. Not until the recipient signs the agreement does he become subject to its terms.

The government's reliance on *Rendleman v. Bowen*, 860 F.2d 1537 (9th Cir.1988), and *United States v. Hatcher*, 922 F.2d 1402 (9th Cir.1991), to support its position that the scholarship agreement is not a contract is misplaced. In *Rendleman*, the court explained that because section 254*l* set out all the conditions of the scholarship, rather than allow the parties to negotiate the conditions, "[s]tatutory intent … is more relevant to the interpretation of these conditions than are common law contract principles." 860 F.2d at 1541–42. In *Hatcher*, the court confirmed that common law contract principles—such as defenses like impossibility, unconscionability, or economic duress—are not applicable to NHSC scholarship default cases. 922 F.2d at 1406–07 & n. 4.

These cases are not helpful to decision of the instant case. Neither discusses the applicability of a statute of limitations or 28 U.S.C. § 2415(a), nor holds that a NHSC scholarship is not a contract. *Rendleman* and *Hatcher* simply conclude that statutory intent rather than common law contract defenses control the interpretation of the terms of a NHSC scholarship agreement.

In fact, the logic of *Rendleman* and *Hatcher*—that the intent of Congress controls—suggests that section 2415(a) *does* provide the limitations period for NHSC scholarship default suits. As we have observed, Congress used "contract" to describe the scholarship agreement in section 254*l*. In section

2415(a), Congress stated that suits by the government for money damages arising from a "contract" are subject to a six year limitations period. Congress' use of "contract" in both statutes suggests that it intended section 2415(a) to apply to section 254*l*.

■ The government argues that even if the scholarship agreement is a contract, the six year statute of limitations in section 2415(a) does not apply to the government's actions to recover from defaulting recipients because Congress did not expressly include a statute of limitations in the statute establishing the NHSC Scholarship Program. *See* 42 U.S.C. § 254*l*. Under *Guaranty Trust Co. v. United States*, 304 U.S. 126, 58 S.Ct. 785, 82 L.Ed. 1224 (1938), the government points out, the United States is not bound by a statute of limitations unless Congress has explicitly applied one.

We rejected this argument in *United States v. Dos Cabezas Corp.*, 995 F.2d 1486 (9th Cir.1993), where we had to decide whether section 2415(a) limited an action by the United States to recover a deficiency judgment following foreclosure on a deed of trust. We recognized that "[n]o federal statute imposes a limitations period specifically on actions for post-foreclosure deficiency judgments brought by the United States," and that "[i]n the absence of a federal statute expressly imposing or adopting one, the United States is not bound by any limitations period." *Id.* at 1489. We then turned to section 2415(a). Because a deficiency following foreclosure is an obligation arising from contract, we held that the action to recover the deficiency was "subject to the six-year limitations period provided in 28 U.S.C. § 2415(a)." *Id.* at 1490. Thus, even though no specific statute of limitations applied explicitly to a deficiency action, section 2415(a) established the limitations period because the suit arose out of a contract. Likewise, section 2415(a) applies to actions to recover NHSC scholarship repayments because the suits are based on contracts between the government and recipients.[2]

---

2. See also *United States v. McReynolds*, 809 F.2d 1047, 1049 (5th Cir.1986), in which the Fifth Circuit emphasized the expansive language of § 2415(a): *"every* action for money damages

brought by the United States … which is founded upon *any* contract." The Fifth Circuit reasoned that "Congress deliberately used embracive language in § 2415, because it intended to

**422**

## III

The government argues that even if section 2415(a) establishes a six year period for this action, the time has not run.

The statute of limitations begins to run when the government's right of action accrues. The right of action accrues on the date when the damages to be paid to the government are due. *United States v. Avila,* 687 F.Supp. 778, 783 (W.D.N.Y.1988) (action accrued when recipient failed to make payment within three years of date of breach; under old statute allowing three years grace to pay damages). Under current law, a defaulting scholarship recipient has at least one year from the date of breach to repay the government. 42 C.F.R. § 62.10(c). Westerband–Garcia maintains that the right of action accrued on September 30, 1984, one year after the government informed him by a letter dated September 30, 1983 that he had breached his scholarship contract and had one year to pay the damages.

However, the one year grace period is not set in stone. At the time Westerband–Garcia breached his scholarship contract, 42 U.S.C. § 254o entitled the United States to payment of damages "within the 1–year period beginning on the date of the breach of the written contract (or such longer period beginning on such date as *specified by the Secretary for good cause shown* )." 42 U.S.C. § 254o(b)(1)(B)(i) (emphasis added). And, 42 C.F.R. § 62.10(c) provided that "[p]ayment of [damages] shall be made within 1 year of the date that the participant failed to begin ... the period of obligated service, *as determined by the Secretary.*" (Emphasis added).

In this case, although the government informed Westerband–Garcia by a September 1983 letter that he was in default and obligated to pay damages within the year, it did not provide him with a specific debt calculation or precise due date until its second letter dated January 4, 1984. The government then extended Westerband–Garcia's repayment period in order to give him a full year to repay from the time he received the repayment information. That extension was for good cause and thus conformed with sections 254o(b)(1)(B)(i) and 62.10(c). Accordingly, since the government gave Westerband–Garcia until January 5, 1985 to pay the damages, its right of action did not accrue until that date.

Under section 2415(a), the government had six years from January 5, 1985, to file suit. It filed its first and second complaints within the six year period, but both were dismissed without prejudice. The government filed its third complaint on March 4, 1992, well after the six years.[3]

The government, nevertheless, argues that the third complaint was timely under 28 U.S.C. § 2415(e), which provides:

> In the event that any action to which this section applies is timely brought and is thereafter dismissed without prejudice, the action may be recommenced within one year after such dismissal, regardless of whether the action would otherwise then be barred by this section.

Since the second timely complaint was dismissed without prejudice on March 2, 1992, the government could recommence the action within one year of that date. The third complaint was filed on March 4, 1992, and therefore was timely under section 2415(e).

## IV

Because the government's third complaint was timely filed under section 2415(e), its suit to recover damages from Westerband–Garcia is not barred.

AFFIRMED.

---

establish a single limitation period for all contract actions brought by the United States." *Id.*

**3.** The six year period ended on January 5, 1991.