UNITED STATES of America, Plaintiff,

v.

Jamis M. JOHNSON, Defendant.

Civil No. 95–C–838W.

United States District Court,
D. Utah,
Central Division.

Nov. 12, 1996.

John S. Gygi, Salt Lake City, UT, for Plaintiff.

Victor Lawrence, Salt Lake City, UT, for Defendant.

*MEMORANDUM DECISION AND ORDER GRANTING THE UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING JOHNSON'S MOTION FOR SUMMARY JUDGMENT*

WINDER, Chief Judge.

This matter is before the court on the United States of America's (the "United States") motion for partial summary judgment and Jamis M. Johnson's ("Johnson") cross-motion for summary judgment. The court held a hearing on both motions on October 9, 1996. At the hearing, John S. Gygi represented the United States and Victor Lawrence represented Johnson. Before the hearing, the court considered carefully the memoranda and other materials submitted by the parties relating to their cross-motions. The court had also read certain of the authorities cited by each of the parties. Following oral argument, and after taking the motions under advisement, the court has further considered the law and facts related to each motion. Having now fully considered

the issue in this case, and good cause appearing, the court enters the following memorandum decision and order.

## I. *BACKGROUND*

On May 31, 1990, Red Rock Saddle Company, Inc. ("Red Rock Saddle") executed and delivered to Rio Blanco State Bank a promissory note in the principal amount of $215,000.00 (the "Note"). On the same day, Johnson executed a guaranty agreement by which he personally guaranteed repayment of the Note. The Small Business Administration (the "SBA"), an agency of the United States government, is a successor-in-interest to the Note and Johnson's guaranty.

Red Rock defaulted under the terms of the Note. Following the default, and beginning in November 1991, the SBA made repeated demands on Johnson to pay the amounts due and owing under the Note pursuant to the terms of his guaranty. Johnson, however, did not make payment as demanded. Subsequently, the SBA scheduled a foreclosure sale on the real and personal property owned by Red Rock Saddle. One month before the scheduled sale, the trustee under the trust deed sent notice of the sale by certified mail to Johnson. The letter went unclaimed by him. On November 3, 1994, the SBA held the foreclosure sale as scheduled and sold Red Rock Saddle's real property for $37,000.00 and its personal property for $5,000.00. The SBA incurred a total of $7,487.64 in costs and expenses in conjunction with the sale of the real and personal property. Approximately ten months later, on September 14, 1995, the SBA brought this action against Johnson under the Small Business Act, 15 U.S.C. § 631 et seq., to enforce the terms of Johnson's guaranty. As of that date, the outstanding balance of the Note was $280,199.47, which included a principal balance of $177,599.55 and accrued interest of $102,599.92.

On October 16, 1995, Johnson filed an answer to the SBA's complaint and therein stated that the "allege[d] claim of the complaint is barred by the applicable statute of limitations, and more particularly UCA § 57–1–[32]." [1] The relevant portion of § 57–1–32 provides:

> At any time **within three months after any sale of property under a trust deed,** ... **an action may be commenced** to recover the balance due upon the obligation for which the trust deed was given as security....

Utah Code Ann. § 57–1–32 (1994) (emphasis added).[2]

On May 16, 1996, the SBA filed a motion for partial summary judgment seeking an order from the court declaring that the SBA is not bound by the three-month statute of limitations found in Utah Code Ann. § 57–1–32.[3] The SBA argued that because federal

---

**1.** In his answer, Johnson mistakenly cites to Utah Code Ann. § 57–1–37 as the basis for his first affirmative defense. The SBA pointed out this error in its memorandum and Johnson's counsel acknowledged this error during oral argument.

**2.** Utah courts have applied § 57–1–32 as a statute of limitations to bar deficiency actions by creditors if those actions were filed more than three months after the property under the trust deed was sold in a nonjudicial foreclosure sale. *See Surety Life Ins. Co. v. Smith*, 892 P.2d 1, 3 (Utah 1995) (finding the "three-month statute of limitations" found in § 57–1–32 barred creditor from pursuing deficiency action against guarantors because creditor filed suit over four months after holding nonjudicial foreclosure sale); *Phillips v. Utah State Credit Union*, 811 P.2d 174, 177 (Utah 1991) (stating that once three-month period for filing deficiency action has passed, creditor may not seek deficiency judgment against debtor); *Concepts, Inc. v. First Sec. Realty Servs., Inc.*, 743 P.2d 1158, 1161 (Utah 1987) (finding creditor's failure to bring deficiency action within three months of sale of property terminated debtor's obligations); *Cox v. Green*, 696 P.2d 1207, 1208 (Utah 1985) (holding creditor was not entitled to deficiency judgment because action was not filed within three months of foreclosure as required by § 57–1–32).

**3.** In Johnson's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Defendant's Motion for Summary Judgment, Johnson argues that the court should deny the SBA's motion regardless of the court's decision regarding the three-month statute of limitations because "the issue of fair market value of the real property at the time of the nonjudicial foreclosure sale is a genuine factual issue that would preclude summary judgment in favor of plaintiff." Defendant's Memorandum at 5. Johnson misunderstands the SBA's motion. The SBA has not sought summary judgment in its favor on its entire claim against Johnson but instead seeks only a determination that the state

law governs the SBA nationwide loan program, the federal statute of limitations found in 28 U.S.C. § 2415(a) is the appropriate law to apply in this action to enforce Johnson's guaranty. Section 2415(a) states: "[E]very action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues." 28 U.S.C. § 2415(a) (1994). The SBA contends that its action against Johnson on his guaranty is founded upon a contract and is thus governed by the six-year federal statute of limitations and not a shorter state statutory period. In addition, the SBA claims that both the common law and the SBA regulations immunize the SBA from state statutes of limitation. The SBA contends that as an agency of the United States, it is immune from state statutes of limitation and that the SBA regulation, which states that a person receiving assistance from the SBA "shall not be entitled to claim or assert any local immunity to defeat the obligation such person incurred," precludes Johnson's attempt to use the state statute of limitations as a defense. United States' Memorandum in Support of Partial Summary Judgment at 5 (citing 13 C.F.R. § 101.1(d)).

In response to the SBA's motion for partial summary judgment, Johnson filed a cross-motion for summary judgment on June 21, 1996, seeking an order from the court: (1) adopting Utah Code Ann. § 57–1–32 as the federal rule of decision in this case; and (2) dismissing the SBA's action as barred by the Utah statute. Johnson agrees with the SBA that federal law governs actions involving nationwide federal loan programs. However, he contends that the six-year federal statute of limitations found in 28 U.S.C. § 2415(a) does not pre-empt the three-month statute of limitations found in Utah Code Ann. § 57–1–32. Johnson argues that if his guaranty was "a separate unsecured obligation," § 2415(a)

would apply and the SBA could bring an action to recover under the guaranty anytime within six years. However, Johnson contends that because his guaranty was secured by real property, the sale of the real property securing the agreement invokes the time limitation found in § 57–1–32. Johnson argues that where the SBA availed itself of the benefits of the Utah statute by bringing a nonjudicial foreclosure, it should not be allowed to avoid complying with the time restriction in the statute to "bail [itself] out of its predicament."

## II. *SUMMARY JUDGMENT STANDARD*

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, the court must construe all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Chiles v. Ceridian Corp.*, 95 F.3d 1505, 1510 (10th Cir.1996).

Once the moving party has carried its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed. R.Civ.P. 56(e)); *see also Gonzales v. Millers Cas. Ins. Co.*, 923 F.2d 1417, 1419 (10th Cir.1991).[4] The non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear

---

statute of limitations found in § 57–1–32 does not bar its claim. Therefore, the court does not need to decide at this time if the fair market value of the property is a factual issue that could ultimately preclude summary judgment in favor of the SBA on its claim against Johnson.

4. The summary judgment motion may be "opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

■ In considering whether there exist genuine issues of material fact, the court does not weigh the evidence but instead inquires whether a reasonable jury, faced with the evidence presented, could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir.1991).[5] Finally, all material facts asserted by the moving party shall be deemed admitted unless specifically controverted by the opposing party. D.Utah R. 202(b)(4).

## III. *DISCUSSION*

■ It is well settled that federal law controls the government's rights and responsibilities under nationwide programs like the SBA's federal loan program. *See United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 726, 99 S.Ct. 1448, 1457, 59 L.Ed.2d 711 (1979); *United States v. Ward*, 985 F.2d 500, 503 (10th Cir.1993); *United States v. Lattauzio*, 748 F.2d 559, 561 (10th Cir.1984). However, where no specific federal statute or regulation governs the case at hand, "it is for the federal courts to fashion the governing rule of law according to their own standards." *Clearfield Trust Co. v. United States*, 318 U.S. 363, 367, 63 S.Ct. 573, 575, 318 U.S. 744, 87 L.Ed. 838 (1943). In fashioning a rule of law where no specific federal law governs, federal courts will occasionally select state law to fill the void. *Id.; Lattauzio*, 748 F.2d at 561–62. Johnson argues that there is no specific federal law which ad-

dresses the rights of parties in post-foreclosure deficiency actions brought by the SBA. Therefore, he asks this court to adopt the three-month statute of limitations found in Utah Code Ann. § 57–1–32, Utah's deficiency judgment statute, as the governing rule of law. The SBA, however, argues that 28 U.S.C. § 2415 is specific federal law which governs this case and thus there is no void to be filled by state law. Aside from that argument, the SBA also contends that the Utah statute of limitations cannot be applied in this case because it is a state statute of limitations from which the SBA, as an agency of the United States, is immune.

■ The court has carefully considered all of the arguments made by both parties and finds the SBA's immunity argument persuasive. The United States Supreme Court and the lower courts of appeals have consistently held that the United States and its agencies are not bound by state statute of limitations in enforcing the rights of the United States government.[6] The Supreme Court emphasized this principle in *United States v. Summerlin*, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940). In *Summerlin*, the Federal Housing Administrator (the "FHA") became the assignee of a promissory note executed under the National Housing Act after a default by the debtor. *Id.* at 414–15, 60 S.Ct. at 1019–20. After the death of the debtor, the administratrix of his estate gave notice by publication that creditors of the estate had eight months, as provided by state statute, to file proof of their claims. *Id.* at 415, 60 S.Ct. at 1019–20. The FHA filed its claim eleven months later and the state supreme court held that the claim was void because it

---

**5.** "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient." *Liberty Lobby*, 477 U.S. at 252, 106 S.Ct. at 2512.

**6.** *See United States v. California*, 507 U.S. 746, 757, 113 S.Ct. 1784, 1790–91, 123 L.Ed.2d 528 (1993); *United States v. John Hancock Mut. Life Ins. Co.*, 364 U.S. 301, 308, 81 S.Ct. 1, 5–6, 5 L.Ed.2d 1 (1960); *United States v. Summerlin*, 310 U.S. 414, 416, 60 S.Ct. 1019–20, 84 L.Ed. 1283 (1940); *Guaranty Trust Co. v. United States*, 304 U.S. 126, 132, 58 S.Ct. 785, 788–89, 82 L.Ed. 1224 (1938); *United States v. Thornburg*, 82 F.3d 886, 893 (9th Cir.1996); *United States v. Peoples Household Furnishings, Inc.*, 75 F.3d

252, 254–55 (6th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 386, 136 L.Ed.2d 302 (1996); *Farmers Home Admin. v. Muirhead*, 42 F.3d 964, 965 (5th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 50, 133 L.Ed.2d 16 (1995); *United States v. Alvarado*, 5 F.3d 1425, 1427–28 (11th Cir.1993); *United States v. Ward*, 985 F.2d 500, 502 (10th Cir. 1993); *Cassidy Comm'n Co. v. United States*, 387 F.2d 875, 880 (10th Cir.1967); *see also United States v. Warren Brown & Sons Farms*, 868 F.Supp. 1129, 1134 (E.D.Ark.1994); *United States v. Children's Shelter, Inc.*, 604 F.Supp. 865, 867 (W.D.Okla.1985); *United States v. Bunker Livestock Comm'n, Inc.*, 437 F.Supp. 1079, 1081 (D.N.M.1977); *United States v. Miller*, 277 F.Supp. 658, 659 (D.Kan.1967).

was not filed within the state statutory period. *Id.* On appeal, the Supreme Court held that "[i]t is well settled that the United States is not bound by state statutes of limitation ... in enforcing its rights." *Id.* at 416, 60 S.Ct. at 1020. The Court stated that "[w]hen the United States becomes entitled to a claim, acting in its governmental capacity, and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement." *Id.* at 417, 60 S.Ct. at 1020. The Supreme Court concluded that if the state statute "undertakes to invalidate the claim of the United States, so that it cannot be enforced at all, ... we think the statute in that sense transgressed the limits of state power." *Id.*[7]

More recently, in *United States v. McReynolds*, 628 F.Supp. 76 (N.D.Miss.), *aff'd*, 809 F.2d 1047 (5th Cir.1986), the Fifth Circuit applied the *Summerlin* principle in a case almost identical to the one now before the court. In *McReynolds*, the defendant borrowed $300,000.00 from a Mississippi bank and the SBA guaranteed the loan. 809 F.2d at 1048. The defendant signed a note promising repayment and he secured it with a deed of trust on some commercial real estate. *Id.* The defendant defaulted on the note in June 1981, the bank assigned the note and the trust deed to the SBA, and in May 1982, the security was sold at a foreclosure sale. *Id.* Over $200,000.00 remained due following the foreclosure sale, and two years later, in July 1984, the United States sued to collect the deficiency. *Id.* Both parties moved for summary judgment in the district court, and one of the defendant's arguments was that the Mississippi one-year statute of limitations barred the action. *Id.* at 1048–49. The Mississippi statute cited by the defendant "requires that any action on an installment note secured by a deed of trust be commenced within one year from the date of the foreclosure or sale of the property pledged as security for the note." *McReynolds*, 628 F.Supp. at 77–78 (citing Miss.Code Ann. § 15–1–23 (1972)). The defendant argued that because the action against him was brought two years after the foreclosure sale on the security, the SBA's action was time-barred by the Mississippi statute of limitations. *Id.* at 78. The Fifth Circuit applied *Summerlin* and found

---

7. It is important to note that in *United States v. California*, 507 U.S. 746, 113 S.Ct. 1784, 123 L.Ed.2d 528 (1993), the Supreme Court distinguished *Summerlin* without questioning its validity. In *U.S. v. California*, the State of California assessed sales and use taxes against property purchased by a private contractor who had been hired by the United States to manage oil drilling operations on government land. The contractor paid the taxes under protest with funds advanced by the federal government. *Id.* at 748–49, 113 S.Ct. at 1786–87. Subsequently, and after the state statute of limitations had run on tax refund suits, the United States filed an action seeking to establish that the taxed property was exempt under California law. *Id.* at 749–50, 113 S.Ct. at 1786–87. The Supreme Court held that the action was time-barred by California law. *Id.* at 758–59, 113 S.Ct. at 1791–92. The Court distinguished the case from *Summerlin* on the basis that the claim on which the United States sued in *Summerlin* had been received by assignment pursuant to a federal statute, the National Housing Act, and therefore the government was acting in its sovereign capacity. *Id.* at 757–58, 113 S.Ct. at 1790–91. In contrast, in *U.S. v. California*, the government was acting in its individual or proprietary capacity. *Id.*

The present case is more like *Summerlin* than *U.S. v. California* because the SBA brought its claim pursuant to the Small Business Act, 15 U.S.C. § 631 et seq., and is seeking recovery in its sovereign capacity. *See United States v. Peoples Household Furnishings, Inc.*, 75 F.3d 252, 255–56 (6th Cir.1996) (finding that SBA was acting in governmental capacity when it brought action on deficiency judgment because it became assignee of note on which it sued pursuant to Small Business Act).

It should also be noted that some courts have called for a "reconsideration" of *Summerlin* with respect to the administration of federal loan programs like the SBA. *See Peoples Household Furnishings*, 75 F.3d at 256–57 ("Reconsideration of *Summerlin* might ... make sense...."); *Farmers Home Admin. v. Muirhead*, 42 F.3d 964, 967–68 (5th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 50, 133 L.Ed.2d 16 (1995) (finding that although *Summerlin* mandates finding that Farmers Home Administration was not barred by state statute of limitations from bringing foreclosure action, "[t]he government's central proposition—that limitations may not run against the sovereign—seems quite inappropriate in the context of federal loan programs"). However, as the Fifth and Sixth Circuits concluded, because the Supreme Court has not revisited *Summerlin* in the context of nationwide federal loan programs, this court must abide by its holding that state statute of limitations may not be applied against the United States or its agencies.

that "[i]n enforcing its rights the United States is not bound by state statutes of limitation unless it has consented to the application of those statutes." *McReynolds*, 809 F.2d at 1049. The court stated that "[t]he fact that a state has fashioned a special statute of limitations that would have been appropriate had the action been brought by a private party is simply irrelevant." *Id.*

Like the defendants in *Summerlin* and *McReynolds*, Johnson has asked this court to adopt a state statute of limitations as a federal rule of decision and thereby bar the SBA's claim against him. However, Johnson does not address the principle established by *Summerlin* that the United States and its agencies are immune from state statutes of limitation. Instead, Johnson attempts to sidestep the issue by citing to a number of cases involving federal agencies where courts adopted state statutes as the federal rules of decision in the absence of specific federal law. *See* Johnson's Memorandum at 9–10, 14–16. However, none of the cases cited by Johnson involves the application of a state statute of limitations against the United States or one of its agencies. For example, in *United States v. MacKenzie*, 510 F.2d 39, 40 (9th Cir.1975), a post-foreclosure deficiency action brought by the SBA, the Ninth Circuit was asked to apply a Nevada law which set the limit of any deficiency at the fair market value of the property at the time of foreclosure. While the Ninth Circuit chose to apply state law in that situation, it was not asked to consider the question now before this court of whether a state statute of limitations is binding on the SBA. Similarly, in four other cases cited by Johnson, *United States v. Hargrove*, 494 F.Supp. 22 (D.N.M. 1979), *Calvert Assocs. v. Harris*, 469 F.Supp. 922 (E.D.Mich.1979), *United States v. Johansson*, 467 F.Supp. 84 (D.Me.1979), and *United States v. Marshall*, 431 F.Supp. 888 (N.D.Ill.1977), the courts applied state redemption statutes to the SBA's actions, but did not consider the application of state statutes of limitation. Indeed, even *Dalton Motors, Inc. v. Weaver*, 446 F.Supp. 711 (D.Minn.1978), the most supportive case of Johnson's position, does not answer the specific question of whether a state statute of limitations could be applied to bar a deficiency claim of the United States. *See id.* Instead, the district court chose to apply a state law which provided that purchasers at foreclosure sales waive all rights to deficiency judgments. *Id.* at 715.

■ Johnson makes an attempt to persuade the court that it would be unfair to allow the SBA to use state nonjudicial foreclosure procedures and then allow it to ignore state statute of limitations. Indeed, Johnson states:

> The problem facing the SBA is that it failed to comply with the Utah statute after first availing itself to the benefits of the Utah statute ... [and that] is no reason to discard the statute and fashion a rule specifically to bail the [SBA] out of its predicament. It[']s the [SBA's] carelessness and negligence and not the Utah statute that caused [the SBA's] problem.

Johnson's Memorandum at 14. While Johnson's argument may be appealing on its face, this court cannot ignore the fact that any intent to waive governmental immunity from state statutes of limitation must be clearly manifested by Congress, *Phillips v. Commissioner of Internal Revenue*, 283 U.S. 589, 602–03, 51 S.Ct. 608, 613–14, 75 L.Ed. 1289 (1931); *Cassidy Comm'n Co. v. United States*, 387 F.2d 875, 880 (10th Cir.1967); *Lewis v. Moore*, 199 F.2d 745, 749 (10th Cir.1952); *United States v. McReynolds*, 628 F.Supp. 76, 78 (N.D.Miss.), *aff'd*, 809 F.2d 1047 (5th Cir.1986), and there is no waiver by Congress of the state statute of limitations in actions brought by the SBA under the Small Business Act. *See United States v. Kellum*, 523 F.2d 1284, 1286 (5th Cir.1975) (stating Congress did not waive general governmental immunity from application of state statute of limitations by its creation of the SBA). The rationale behind this doctrine of governmental immunity from state statutes of limitation is found " 'in the great public policy of preserving the public rights, revenues, and property from injury and loss, by the negligence of public officers.' " *United States v. Peoples Household Furnishings, Inc.*, 75 F.3d 252, 254 (6th Cir.1996) (quoting *United States v. Hoar*, 26 F.Cas. 329, 330 (Cir.Ct. D.Mass.1821)). *See also United States v.*

*Alvarado,* 5 F.3d 1425, 1427–28 (11th Cir. 1993) (" '[The] doctrine remains viable today because it furthers the public policy objective of protecting rights vested in the government for the benefit of all from the inadvertence of the agents upon which the government must necessarily rely.' " (quoting *United States v. City of Palm Beach Gardens,* 635 F.2d 337, 339–40 (5th Cir. Unit B. Jan. 1981))). Thus, although Johnson may believe it is unfair to "bail the SBA out of its predicament," it is clear that the SBA is afforded immunity from the Utah statute of limitations *even if* its "predicament" was created by its own carelessness.

While it is certain that this court may, in some circumstances, select state law to fill a void in the federal law, this court cannot apply Utah Code Ann. § 57–1–32 to bar the SBA's post-foreclosure deficiency action against Johnson. To do so would violate the well established maxim that the United States is exempt from the application of state statutes of limitation.[8] Therefore, the court grants the United States' motion for partial summary judgment dismissing the state statute of limitations defense and denies Johnson's motion for summary judgment dismissing the government's claim.

## IV. *ORDER*

Accordingly, and based on the foregoing reasons,

IT IS HEREBY ORDERED AS FOLLOWS:

1. The United States' motion for partial summary judgment is granted.

2. Johnson's motion for summary judgment is denied.

3. This Order shall serve as the Order of the court on this matter and no further order need be prepared by counsel.

---

8. Because this court has found that the state statute of limitations found in Utah Code Ann. § 57–1–32 cannot be applied in this case against the SBA, and because the SBA brought its post-foreclosure deficiency action against Johnson less than eleven months after it held its foreclosure sale, this court does not need to decide whether the six-year statute of limitations found in 28 U.S.C. § 2415(a) is the applicable statute of limitations in a post-foreclosure deficiency action by the SBA against a guarantor.